538 P.2d 397

**STATE of Arizona ex rel. Edward L. DAW-SON, Gila County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF GILA, and the Honorable D. L. Greer, acting judge of the Superior Court of Gila County, Respondents;**

**Thomas Alden ALLEN, Real Party in Interest.**

No. 12167.

Supreme Court of Arizona.

July 16, 1975.

Rehearing Denied Sept. 16, 1975.

Edward L. Dawson, Gila County Atty., Globe, Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for petitioner.

Debus, Busby & Green by Jordan L. Green, Phoenix, for Thomas Alden Allen, real party in interest.

PER CURIAM.

A petition for special action was filed by the Gila County Attorney with the concurrence of the Attorney General. He alleges that the respondent judge failed to comply with the provisions of Rule 20, 1973 Rules of Criminal Procedure, 17 A.R.S., and thereby abused his discretion. Rule 20 reads as follows:

"On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information, or complaint after the evidence on either side is closed or immediately after the verdict of the jury, if there is no substantial evidence to warrant a conviction. The court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed."

The real party in interest, defendant Allen, was charged with murder and assaults with a deadly weapon on named victims. At the close of all the evidence, the defendant moved for a directed verdict of acquittal. After hearing arguments thereon on May 29, 1975, the judge took the motion under advisement.

The matter was submitted to the jury which returned verdicts finding the defendant guilty of voluntary manslaughter and two counts of assault with a deadly weapon. The defendant again moved for a judgment of acquittal which the judge took under advisement. Thereafter, on the same day, May 31, 1975, an order was entered denying all pending motions.

On June 4, 1975, an order was entered correcting the May 31 order by deleting that portion of the order denying all pending motions. On that same date another order was entered acquitting the defendant on all four crimes of which he was charged. Thereafter, there were additional orders on subsequent dates.

We hold that the trial judge abused his discretion in taking the motions for judgment of acquittal under advisement contrary to Rule 20, *supra*. It is ordered that all orders of the trial court subsequent to the May 31, 1975, order denying all pending motions are vacated. The case is remanded to the trial judge for further proceedings. The parties shall have 10 days from the receipt of the mandate herein to file any motions provided for by Rule 24, 1973 Rules of Criminal Procedure. Appeal time shall not commence to run until after the entry of judgment and sentence, if such action is taken by the court.