725 P.2d 764

The STATE of Arizona, Appellee,

v.

Douglas Dee CHOATE, Appellant.

No. 2 CA–CR 4409–2.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 19, 1986.

Robert K. Corbin, The Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

Michael D. Tidwell, Apache Junction, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

Defendant was convicted of second degree murder and aggravated assault. Those convictions, and the sentence for aggravated assault, were affirmed by this court in a memorandum decision. However, the dangerous-nature sentence for second degree murder was vacated because that issue had not been submitted to the jury and the allegations of the charge did not implicitly require such a finding. The matter was remanded for resentencing on the second degree murder count. On remand, the trial judge ordered a new jury impanelled to try the dangerous-nature allegation. Defendant appeals from this order, contending that such procedure violates the Double Jeopardy Clause of the United States and Arizona constitutions. Because an interlocutory appeal of a double jeopardy claim is constitutionally mandated, *Abney v. United States,* 431 U.S.

651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), we have jurisdiction under A.R.S. § 13–4033(2).[1] We reverse.

■■■ We believe the retrial of the defendant on the dangerous-nature allegation would constitute double jeopardy. The jury in this case was dismissed without reaching a verdict on one of the charges. As discussed below, that dismissal was without the defendant's consent. See *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). It was intended that the initial proceeding would end "all prosecution of the defendant for the offense charged." *Lee v. United States*, 432 U.S. 23, 30, 97 S.Ct. 2141, 2145, 53 L.Ed.2d 80, 87 (1977). The failure to submit a charge and the subsequent dismissal of the jury after it had resolved other charges is analogous to a mistrial without manifest necessity, indeed without any necessity at all. As such, it deprived the defendant of the right to have the charge resolved by the initial jury, a valued part of the concept of protection against double jeopardy. See *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The failure of a trial judge, presumably always by mistake or inadvertance, to submit any charge after jeopardy has attached bars retrial.

We recognize that sentencing enhancing allegations, such as use of a deadly weapon, are not constitutionally required to be the subject of jury determination. *McMillan v. Pennsylvania*, —— U.S. ——, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). A.R.S. § 13–604(K), however, provides that such determinations shall be made by the jury. And, the state must establish them by proof beyond a reasonable doubt. *State v. Gilbert*, 119 Ariz. 384, 581 P.2d 229 (1978); *State v. Pennye*, 102 Ariz. 207, 427 P.2d 525 (1967); *State v. Brydges*, 134 Ariz. 59, 653 P.2d 707 (App.1982). We believe that these factors, along with the fact that the determination to be made, whether a weapon was used, is one generally made by juries in assessing the degree of the crime, make the dangerous-nature determination "resemble a trial for the purposes of double jeopardy." *State v. Sowards*, 147 Ariz. 156, 158, 709 P.2d 513, 515 (1985).

The state's reliance on *State v. Riley*, 145 Ariz. 421, 701 P.2d 1229 (App.1985), is misplaced. That case held that double jeopardy did not bar retrial of the existence of a prior conviction when defendant admitted the existence of that conviction, albeit defectively under Rule 17, Rules of Criminal Procedure, 17 A.R.S., and the jury was then excused. By consenting to the discharge of the jury without trial of the prior conviction, the defendant waived any double jeopardy claim. Such consent cannot be found in this case. The trial judge found a year after the initial trial that there had been an off-the-record discussion between counsel and the court to the effect that there was no need to submit the dangerous-nature allegation to the jury. Defense counsel did not share the court's memory. Such off-the-record conversations, to which all parties do not agree, are simply too feeble a reed on which to rest the waiver of a significant constitutional protection. See *State v. Bay*, 150 Ariz. 112, 722 P.2d 280 (1986). If a criminal defendant waives errors when the nature of the ruling is not made part of the record, as our courts routinely hold, then the state must be bound by the same rule of waiver when the record does not support its claim.

■■■ Finally, we reach an alternative basis on which the order appealed from must be reversed. In our initial mandate, we ordered that the matter be "remanded for resentencing in connection with the second-degree murder conviction." The trial court was bound by that mandate. *State v. Federico*, 104 Ariz. 49, 448 P.2d 399 (1968). We do not believe that "resentencing" can

---

**1.** In the more usual case, relief would be by way of special action. See *McLaughlin v. Fahringer*,

150 Ariz. 274, 723 P.2d 92 (1986).

fairly be read to include "and retrial of any sentencing enhancing allegations." We have elaborated the constitutional underpinning of why we believe such retrials to be forbidden on facts such as those present here. In doing so we have spelled out our reason for limiting the scope of our prior mandate to resentencing alone.

The order appealed from is reversed and the matter is remanded for resentencing in connection with the second degree murder conviction.

BIRDSALL and LACAGNINA, JJ., concur.