786 P.2d 977

**James Peter NALBANDIAN, Petitioner–Appellant,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Barry G. Silverman, a judge thereof, Respondent Judge,**

**Robert K. CORBIN, Attorney General of the State of Arizona, Real Party in Interest.**

**STATE of Arizona, Appellee,**

v.

**James Peter NALBANDIAN, Appellant.**

Nos. 1 CA–SA 88–160, 1 CA–CR 88–760.

Court of Appeals of Arizona, Division 1, Department B.

June 27, 1989.

Reconsideration Denied Oct. 10, 1989.

Review Denied Feb. 26, 1990.

Robert K. Corbin, Atty. Gen. by Jessica J. Funkhouser, Chief Counsel, Crim. Div. and Dave Powell, Asst. Atty. Gen., Phoenix, for real party in interest-appellee.

Crow & Scott, P.A. by Michael B. Scott, Phoenix, for petitioner-appellant.

## OPINION

JACOBSON, Presiding Judge.

This case involves whether a defendant is entitled to an interlocutory appeal when a plea of double jeopardy is raised. James Peter Nalbandian (defendant) appealed from the trial court's denial of his motion for a directed verdict of not guilty "pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)." The trial court refused to recognize his notice of appeal and proceeded to set a firm trial date. Defendant filed a special action petition challenging only the trial court's refusal to enter a stay of the proceedings, contending that a right to appeal on double jeopardy grounds existed even though the trial court's denial did not constitute a final judgment. We granted defendant's request for a stay and, on our own motion, consolidated the special action and appeal ordering the parties to respond to the following issues:

(1) Whether this court should recognize the United States Supreme Court concept that a defendant is entitled to interlocutory review of a decision of the trial court ordering a new trial when the defendant makes legitimate claims that his constitutional rights against double jeopardy may be infringed by a second trial;

(2) Whether the right to review is constitutionally or statutorily based;

(3) Whether such review should be undertaken by special action or appeal;

(4) Whether in this case, the trial court improperly denied defendant's motion for a verdict of not guilty and thus erred in declaring a mistrial.

## I. BACKGROUND

Defendant's case went to the jury after a three week trial. During deliberation, the jurors made a number of inquiries to the court. After requesting a copy of the transcript, which was refused, and after an additional six hours of deliberation, the jurors communicated to the court that the panel could not reach a decision "with the facts provided." Defendant moved for a mistrial, stating "I think they have had adequate time to deliberate and reach a verdict...." The court asked the foreman if he believed the jury could reach a verdict with additional time. The foreman replied that he believed they could, but three jurors disagreed. The trial court then instructed the jurors that they should continue deliberating for about an hour. Defendant moved for mistrial once again. The jurors then sent two notes to the court. The first, signed by one juror, stated:

> All eight of us feel that the state did not prove that Jim did the abuse. But two people think he probably did do it (A gut feeling). They do not want him to go free. [Signature of juror]

The second note stated:

> If there is any additional evidence, may we see it?

The court responded that no additional evidence existed and that the jury should continue to deliberate. Defendant then withdrew his motion for a mistrial and requested that the court enter a verdict of not guilty in response to the signed note.

After the jury deliberated about an hour, the court reconvened. The foreman related that the jurors were unable to reach a decision. Defendant again requested a directed verdict, or alternatively, that the court read the signed note to the jury and poll the jurors to determine whether they established a unanimous verdict of not guilty. The court denied his requests and asked the jury to continue to deliberate for another half an hour. Defendant objected. After a half hour had elapsed, the court asked the foreman if the jury had reached a verdict. The foreman responded that it had not. None of the jurors disagreed. The court then declared a mistrial "because the jury [was] hung," set the case for retrial, and dismissed the jury. Subsequently, defendant filed a motion for entry of a verdict of not guilty. The court denied the motion. This special action and appeal ensued.

## II. DISCUSSION

When defendant filed his notice of appeal, he claimed it divested the trial court of jurisdiction. *See* Rule 31.11, Arizona Rules of Criminal Procedure; *State v. Ferguson*, 119 Ariz. 55, 579 P.2d 559 (1978). The trial court requested further briefing on a defendant's right to an interlocutory appeal when the basis of the appeal implicates double jeopardy grounds. The trial court concluded that defendant had no right to appeal in the absence of a final judgment and refused to stay the new trial.

Defendant sought relief by special action from only the trial court's refusal to stay the proceedings. He failed to bring the issue of the right to an interlocutory appeal squarely before this court at that time. We therefore consolidated the special action with the appeal to address the double jeopardy issue, and, if we determined that review was appropriate, to address the defendant's contention that a second trial would impermissibly put him in jeopardy once again.

### A. The Holding in *Abney v. United States*.

Ordinarily interlocutory appeals are not permitted in criminal cases. "[T]he delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), quoting *DiBella v. United States*,

369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962). Despite the unsettling and potentially damaging effect of such appeals, in *Abney*, the Supreme Court held a defendant had the right to appeal because:

> [e]ven if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the double jeopardy clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.[1]

### B. Is the *Abney* Right to Appeal Statutorily or Constitutionally Based?

Defendant claims *Abney* controls in this case because the Supreme Court has held that the fifth amendment protection against double jeopardy applies to the states. *See Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). He also cites *State v. Choate*, 151 Ariz. 57, 725 P.2d 764 (App.1986), in which the court found it had jurisdiction to review an interlocutory order implicating double jeopardy on appeal, pursuant to *Abney*.

■ On the other hand, the state contends *Abney* merely construed a federal statutory right to appeal and therefore does not control when this court is construing a defendant's right under Arizona law. It argues defendant's reliance on both *Abney* and *Choate* is misplaced and claims that in Arizona a defendant may seek appellate review only under the criteria set forth in A.R.S. § 13–4033.[2] Thus, the state argues, a defendant is precluded from appealing from an interlocutory order. The state asserts that *Abney* also found a defendant's right to appeal must be established solely within the terms of the applicable statute because no federal constitutional right to an appeal exists.[3]

■ We disagree. As the holding in *Abney*, quoted above, clearly indicates, the basis for judicial review of a double jeopardy claim is grounded in the double jeopardy clause itself. The procedural problem facing federal courts, as well as state courts, is how that constitutional right can be exercised in view of final judgment statutes. *See also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982). We turn then to that procedural problem.

### C. The Appropriate Vehicle For Appellate Review of a Interlocutory Double Jeopardy Claim: Special Action or Appeal?

As *Abney* indicates, the federal system, because of the lack of any other appellate

---

1. In reaching this result, the *Abney* court relied upon *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which held that certain rights that were separable from and collateral to an action were often too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case was adjudicated. The *Cohen* court enunciated a three part test to determine when the collateral order doctrine could be applied:

    1. Although no final judgment a fully consummated decision of the court had to exist;
    2. The issue had to be collateral to and separable from the principal issue and not simply a step toward final disposition of merits of the case that would be merged in the final judgment; and
    3. Rights involved in decision would be irreparably lost if appellate review was postponed until final judgment.

2. That statute provides that an appeal my be taken by a defendant only from the following orders:

    1. A final judgment of conviction.
    2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.
    3. A sentence on the grounds that it is illegal or excessive.

3. Defendant has not claimed his right to appeal under art. 2 § 24 of the Arizona Constitution, which provides "[i]n criminal prosecutions, the accused shall have the right ... to appeal in all cases...." Nor has he relied on art. 2 § 10 of the Arizona Constitution which provides double jeopardy protection to criminal defendants. Because defendant failed to invoke the provisions of the Arizona Constitution, we determine defendant's right to appeal only pursuant to federal constitutional principles.

vehicle, has had to shoe-horn nonfinal orders into a statute that requires finality as a prerequisite to appealability. *See* 28 U.S.C. § 1291 ("The courts of appeals shall have jurisdiction from all *final decisions* ..."). The tool to effect this result is the "collateral order" exception recognized in *Cohen.* Arizona need not struggle with this problem because an aggrieved party may seek appellate review of nonappealable interlocutory orders under the special action practice. *See* Rule 1(a), Arizona Rules of Procedure for Special Actions.

Other jurisdictions have utilized a similar procedure to avoid grappling with a "final judgment rule." The Kansas court, finding Kansas statutes did not provide the right to appeal, dismissed the defendant's appeal with "considerable reluctance." *State v. Fisher,* 2 Kan.App.2d 353, 579 P.2d 167 (1978). One year later, the Kansas court revisited the issue and found it unacceptable that a defendant "have no appellate forum available in the Kansas courts to vindicate a valid double jeopardy claim before he is in fact subjected to such jeopardy." *In re Application of Berkowitz,* 3 Kan.App.2d 726, 602 P.2d 99, 103 (1979). The court concluded that habeas corpus, a proceeding that afforded the defendant a "speedy remedy," was the appropriate vehicle for challenging a trial court's pretrial denial of a claim of double jeopardy. *See also Ex parte Robinson,* 641 S.W.2d 552 (Tex.Crim.App.1982) (finding constitutional right to review of double jeopardy claim and affording relief by habeas corpus); *State v. Mestas,* 93 N.M. 765, 605 P.2d 1164 (App.1980) (finding no right to appeal as final judgment but finding it unnecessary to reach question whether final judgment should be construed to include an order denying a double jeopardy claim because pursuant to statutory authority court of appeals permitted to grant interlocutory appeals); *State v. Jenich,* 94 Wis.2d 74, 292 N.W.2d 348 (1980) (upon reconsideration, court modified initial opinion that held a pretrial order denying a motion to dismiss because of double jeopardy claim was a final order appealable under statute, and held such an order did not satisfy statutory test for finality and was not appealable by

right under statute, but instead, was a nonfinal order appealable only by permission of court of appeals); *People ex rel. Mosley v. Carey,* 74 Ill.2d 527, 25 Ill.Dec. 669, 387 N.E.2d 325, *cert. denied, Mosley v. Illinois,* 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979) (no right to appeal, but defendant not foreclosed from review because he may file writ of prohibition or mandamus); *cf. State v. Forsyth,* 587 P.2d 1387 (Utah 1978) (no right to appeal on double jeopardy charge when state refiled charges after federal court released defendant in habeas proceeding).

■ The Arizona special action procedure seems particularly suited to the constitutionally mandated right to appellate review of claims of double jeopardy. As stated in Rule 1(a), Arizona Rules of Procedure for Special Actions, the procedure is available "where there is no equally plain, speedy, and adequate remedy by appeal...." We hold that a petition for special action is the appropriate vehicle for a defendant to obtain judicial appellate review of an interlocutory double jeopardy claim.

In reaching this conclusion, we, of necessity, disagree with Division Two's holding in *State v. Choate,* 151 Ariz. 57, 725 P.2d 764 (App.1986). In *Choate,* the court, without analysis, stated "[b]ecause an interlocutory appeal of a double jeopardy claim is constitutionally mandated, *Abney* ... we have jurisdiction under A.R.S. § 13–4033(2)." 151 Ariz. at 57–58, 725 P.2d at 764–65. We note, however, that the court also stated in a footnote: "In the more usual case, relief would be by way of special action." *Id.* at 58 n. 1, 725 P.2d at 765 n. 1.

Before leaving the subject of interlocutory review, we would be remiss if we did not acknowledge, as the court in *Abney* acknowledged, that its ruling might encourage some defendants to engage in dilatory appeals. *Abney,* 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8. Sanctions are appropriate when counsel frivolously files a special action, and this court will not hesitate to impose those sanctions if a defendant's right to obtain review of orders implicating

double jeopardy is abused. *See* Rule 7(e), Arizona Rules of Procedure for Special Actions ("The provisions of A.R.S. § 12–2106 and of Rule 25, Rules of Civil Appellate Procedure, pertaining to damages for frivolous appeals or appeals for delay, shall apply to special actions."); *Boone v. Superior Court*, 145 Ariz. 235, 700 P.2d 1335 (1985).

### D. Did The Trial Court Err In Granting A Mistrial?

Although defendant sought special action review only of the court's denial of his stay request, the substance of his double jeopardy claim was raised at this court's request after consolidation of the special action and appeal. We thus turn to the merits of defendant's double jeopardy claim.

■ Normally, the invocation of a mistrial following the inability of a jury to reach a verdict does not give rise to a claim of double jeopardy. *See* Rule 22.4, Arizona Rules of Criminal Procedure; *McLaughlin v. Fahringer*, 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986) ("Jeopardy may be removed for various legal reasons such as: the jury is unable to reach a verdict after lengthy deliberation ..."). However, defendant points to the note signed by one juror stating that all the jurors felt the state had not proven its case, but two members had "gut feelings" that they did not want to set defendant free, in contending that a verdict having double jeopardy ramifications was reached.[4] Relying on *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), he contends that the juror's note, in effect, acquitted defendant. *Green* recognized that there may be "acquittal in the constitutional sense without the return of a formal verdict." In *Green*, the Court held that the defendant had been

acquitted of first degree murder at his first trial when the jury found him guilty of second degree murder. Having found that defendant had once "run the gantlet, [sic]" the Court found it impermissible to retry defendant for first degree murder after he successfully appealed from his second degree conviction. *Green* is not applicable here, because no final jury verdict, on any issue, was rendered.

■ In this case, after the jury initially indicated to the court that it could not make a decision with the facts provided, the court allowed continued deliberation because the majority of the jurors felt they might be able to come to a verdict in a reasonable time. Moreover, the note, signed by only one juror, did not purport to be the conclusion of all the jurors. The court, at the final interview, carefully questioned the foreman about whether additional time would assist the jury in reaching a verdict. The court asked the jurors if anyone disagreed. Only thereafter did the court declare a mistrial. We find no implicit or explicit acquittal under these circumstances.

■ Defendant, citing no authority, claims the court should have polled the jury regarding the note stating they all felt he had not committed the crime. The state responds that unless the court receives a signed verdict it is under no obligation to poll the jury.

Rule 23.4, Arizona Rules of Criminal Procedure states:

> After the verdict is returned and before the jury is discharged, it shall be polled at the request of any party or upon the court's own initiative....

No verdict had been returned in this case. We find the trial court did not abuse its

---

4. Defendant has also raised an issue regarding the state's amendment of his indictment. In *Abney*, the Court limited its holding and stated that "[i]n determining that the courts of appeals may exercise jurisdiction over an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds, we, of course, do not hold that other claims contained in the motion to dismiss are immediately appealable as well." *Abney*, 431 U.S. at 662, 97 S.Ct. at 2042. The court wished to insure that criminal defendants would not "seek review of, or assert, frivolous double jeopardy claims in order to bring ... nonappealable questions to the attention of the courts of appeals prior to conviction and sentence." The Court then declined to review the defendant's challenge to the sufficiency of the indictment. We similarly do not reach defendant's challenge to his indictment.

**132**

discretion in disregarding the note signed by one juror and declaring a mistrial.

III.   CONCLUSION

A defendant has the right to seek interlocutory review of a nonfrivolous double jeopardy claim.  The proper vehicle to seek such review is special action.  Accordingly, we accept special action jurisdiction in this matter and grant the state's motion to dismiss the appeal.  On the merits, we find defendant's double jeopardy claim is not well founded.  Accordingly, we dissolve the stay previously entered, deny the requested relief, and remand to the trial court for further proceedings.

EUBANK and GRANT, JJ., concur.