781 P.2d 599

**STATE of Arizona, Appellee,**

v.

**Brian BLACKHOOP, Appellant.**

**No. CR–88–0318–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 10, 1989.

Robert K. Corbin, Atty. Gen. by Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Gary Peter Klahr, Phoenix, for appellant.

## OPINION

MOELLER, Justice.

### JURISDICTION

Defendant was convicted of sexual assault and criminal trespass. He moved for a new trial, contending that the court's method of designating alternate jurors violated Rule 18.5(h), Arizona Rules of Criminal Procedure. The trial court denied the motion and defendant appealed. The court of appeals reversed and remanded for a new trial. 158 Ariz. 472, 763 P.2d 536. We granted the state's petition to review the court of appeals decision. We have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution and Rule 31.19 of the Arizona Rules of Criminal Procedure.

### ISSUE

Whether the court of appeals erred by reversing defendant's convictions because the judge, instead of the clerk, drew the numbers designating the alternate jurors.

### FACTS

Ten jurors were originally selected to hear this case, which by statute required an eight-person jury. At the conclusion of the trial, after the court had instructed the jurors, the clerk handed the judge a box containing ten numbers that the clerk had prepared and mixed up. The judge held the box over his head and pulled out two numbers, displaying them and announcing them to be numbers 5 and 10. He then handed the numbers to the clerk for verification. She put the numbers back in the box and then read the names of the two jurors corresponding with the two drawn numbers. Those two jurors were designated as alternates and excused. The jury deliberated for less than an hour and was excused for the day. It returned the next day. After several more hours of deliberations, it returned verdicts of guilty.

Defendant filed a motion for new trial contending, for the first time, that the judge violated Rule 18.5(h), Arizona Rules of Criminal Procedure, by drawing the alternate numbers himself instead of having

the clerk do it. The affidavit with the motions asserted that the two alternates were the only two Native Americans on the panel and that defendant was a Native American. One of the designated alternates submitted an affidavit contending that he would have found the defendant not guilty.

The trial court denied the motion for new trial. The court of appeals reversed, holding that even if the trial judge's selection process was fair and random, the alleged prejudice, combined with the appearance of impropriety, necessitated a new trial.

## DISCUSSION

Rule 18.5(h), Arizona Rules of Criminal Procedure, provides in relevant part that:

Just before the jury retires to begin deliberations, the clerk shall, by lot, determine the juror or jurors to be designated as alternates.

■ Defendant contends that the trial judge's "violation" of 18.5(h) prejudiced him and prevented a fair trial. He contends that but for the irregularity, one or both of the alternates would have remained on the panel. However, the record clearly shows that the selections made by the judge were entirely random, just as they would have been if drawn by the clerk.

■ Technical errors in jury selection do not require a new trial. *See State v. Eisenlord,* 137 Ariz. 385, 392, 670 P.2d 1209, 1216 (App.1983) ("A conviction will not be set aside due to mere technical errors or defects in the record which do not affect a defendant's substantial rights."). Indeed, our constitution provides:

No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done.

Ariz. Const. art. 6, § 27. To overcome article 6, § 27, defendant argues that the finding by the court of appeals of an appearance of impropriety signifies that that court determined the procedure used caused it to "appear that substantial justice" had not been done. The court of appeals reversed defendant's conviction, perceiving a "strong appearance of impropriety" in the violation of Rule 18.5(h), citing *State v. Latigue,* 108 Ariz. 521, 502 P.2d 1340 (1972). In *Latigue* this court prevented a deputy county attorney from prosecuting a case against a defendant he had previously represented. We held that a special prosecutor should be appointed due to the appearance of impropriety. Even if we were to indulge in the unlikely assumption that jurors, defendants, and spectators know that Rule 18.5(h) provides for selection of alternates by the clerk instead of by the judge, we fail to see how an appearance of impropriety arises when the judge, instead of the clerk, draws the numbers.

Defendant has made absolutely no showing that he did not have a fair and impartial jury; absent such a showing, we will affirm his conviction. *State v. Arnett,* 119 Ariz. 38, 50, 579 P.2d 542, 560 (1978); *see also State v. Smith,* 146 Ariz. 325, 327, 705 P.2d 1376, 1378 (App.1985) (although juror was designated as an alternate because he may have overheard defense investigator discuss the case, defendant was not deprived of a fair and impartial jury notwithstanding that Rule 18.5(h) requires that alternate jurors be chosen by lot).

Essentially, defendant's argument is that no selection may be a truly random selection unless the clerk performs it. We find no substance in this argument. Although the random selection of the only two jurors of the same race as the defendant is a statistical improbability, it will occasionally occur. Complete compliance with Rule 18.-5(h) and drawing of the names or numbers by the clerk neither increases nor decreases the odds of this occurrence. Although a defendant is entitled to a fair and impartial jury, he is not entitled to be tried by any particular jury. U.S. Const. Amend. 6; Ariz. Const. art. 2, § 23; *Arnett,* 119 Ariz. at 50, 579 P.2d at 554.

We reject defendant's attempts to analogize the issue in this case to the peremptory challenge issues in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and *State v. Superior Ct. (Gardner),* 157 Ariz. 541, 760 P.2d 541 (1988).

*Batson* and *Gardner* provide a procedure by which a defendant may challenge a prosecutor's use of peremptory challenges. The procedure prescribed in those cases is designed to prevent the exclusion of jurors for improper discriminatory reasons. Similarly, the procedure prescribed by Rule 18.5(h) is designed to assure that the alternates are selected in a non-discriminatory, random manner. Here, although a technical deviation from the rule occurred, no deviation from the principle of non-discriminatory random selection occurred. We find no error.

### DISPOSITION

Defendant's convictions and sentences are affirmed. The opinion of the court of appeals is vacated.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.