874 P.2d 977

The STATE of Arizona, Petitioner,

v.

The Honorable Charles S. SABALOS, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,

and

William G. COCHRANE, Real Party In Interest.

No. 2 CA–SA 94–0002.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 28, 1994.

Review Denied June 1, 1994.

Frederick S. Dean, City Atty. by R. William Call and William F. Mills, Tucson, for petitioner.

Stephen Paul Barnard, Tucson, for real party in interest.

## OPINION

LACAGNINA, Judge.

This special action was taken from the order of the respondent judge denying the state's appeal from the judgment of acquittal entered by the city court. We have jurisdiction. A.R.S. § 12–120.21(A)(4); *see State ex rel. McDougall v. Superior Court*, 170 Ariz. 474, 826 P.2d 337 (App.1991). Because the state has no remedy by appeal, and because we conclude that the respondent abused his discretion, we accept jurisdiction and grant relief.

The undisputed facts are as follows. The real party in interest, Cochrane, was charged with driving under the influence of intoxicating liquor in violation of A.R.S. § 28–692(A)(1), and having an alcohol concentration of .10 percent or greater within two hours of driving in violation of A.R.S. § 28–692(A)(2). The charges were severed, and at the trial of the latter charge, the state pre-

sented the following evidence. Officer Johnson testified that after his arrest Cochrane submitted to replicate breath testing by a Tucson Police Department Intoxilyzer Model 5000, which printed "BAC" results of .172% and .168%. The magistrate took judicial notice of the Department of Health Services (DHS) regulations pertaining to determination of blood alcohol content, which set forth the criteria for devices to be used for breath testing and specifically designate the Intoxilyzer Model 5000 as an approved breath testing and collection device.

At the close of the state's case, Cochrane moved for a directed verdict of acquittal, Ariz.R.Crim.P. 20, 17 A.R.S., on the ground that the state had failed to present any evidence showing that results on the breath test printout reflected alcohol concentration as defined by A.R.S. § 28–692(O). The magistrate "provisionally" denied the motion but ruled that, if the jury found him guilty, Cochrane could reurge the matter. The magistrate further ruled that Cochrane could present a defense without waiving the issue and that, if the motion were granted, the order would be entered *nunc pro tunc.* The jury convicted Cochrane, and the magistrate subsequently granted his motion *nunc pro tunc.* The respondent subsequently "denied" the state's appeal, concluding that the magistrate's "entry of a judgment of acquittal under Rule 20 is appropriate based on the evidence submitted in the State's case and is not an appealable order."

Before addressing the merits of the Rule 20 issue, we must first determine whether the respondent correctly concluded that the magistrate's order was not appealable. If, in fact, the magistrate entered a judgment of acquittal at the close of the state's case, that order would not be appealable. *Rolph v. City Court of City of Mesa,* 127 Ariz. 155, 618 P.2d 1081 (1980). The state may, however, appeal a post-judgment order granting an acquittal. *State ex rel. Hyder v. Superior Court,* 128 Ariz. 216, 624 P.2d 1264 (1981).

The magistrate's statements as to his intentions are confusing and inconsistent. It is apparent, however, that no order was entered at the close of the state's case granting the Rule 20 motion. The issue, then, is whether the magistrate could effectively grant the motion after the verdict as a *nunc pro tunc* order. We believe the law to be clear that he cannot.

> The purpose of a *nunc pro tunc* order is to make the record reflect the intention of the parties or the court at the time the record was made, not to cause an order or judgment that was never previously made or rendered to be placed upon the record. . . . The object of such an entry is to correct the record to make it speak the truth and not to supply judicial action.

*State v. Pyeatt,* 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App.1982) (citation omitted). Although the magistrate's statements are contradictory, we believe that the purpose of granting the motion *nunc pro tunc* was not to make the record reflect his original intention or to correct the record, but rather to "supply judicial action," *id.,* that is, with the benefit of hindsight and additional briefing, to do what he thought he should have done originally and now is convinced is correct.

Not only does the judgment fail as a *nunc pro tunc* order, it is contrary to the well-settled principle that a ruling on a motion for judgment of acquittal may not be reserved. *State ex rel. Dawson v. Superior Court,* 112 Ariz. 123, 538 P.2d 397 (1975); *State v. Blackhoop,* 158 Ariz. 472, 763 P.2d 536 (App. 1988), *vacated on other grounds,* 162 Ariz. 121, 781 P.2d 599 (1989). Because the magistrate could not enter the order *nunc pro tunc,* it must be treated as a post-verdict judgment of acquittal. Accordingly, the respondent's legal conclusion that the order was not appealable was incorrect and his denial of the appeal an abuse of discretion. *See Grant v. Arizona Public Service Co.,* 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982) (abuse of discretion exists where error of law is committed in the process of exercising discretion).

The respondent also concluded that a judgment of acquittal was "appropriate" given the state's evidence. From this we infer that the respondent agreed that the state was required to prove that the intoxilyzer printout represented alcohol concentra-

tion as defined in A.R.S. § 28–692(O), but failed to do so. A directed verdict of acquittal is appropriate only where there is no "substantial evidence" to support each element of the offense. Ariz.R.Crim.P. 20, 17 A.R.S.

> Substantial evidence is more than a mere scintilla and is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).

*State v. Mathers,* 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990). Unless there is "a complete absence of probative facts to support a conviction," a Rule 20 motion should be denied, *id.,* and if the record reveals the presence of facts from which a reasonable jury could infer guilt beyond a reasonable doubt, then the respondent abused his discretion in affirming the magistrate's order.[1]

Cochrane was charged under A.R.S. § 28–692(A)(2), which requires proof that he had an "alcohol concentration" of 0.10 or more within two hours of driving. The quoted term is defined in subsection (O) to mean "grams of alcohol per one hundred milliliters of blood or grams of alcohol per two hundred ten liters of breath." The evidence presented by the state to prove Cochrane's alcohol concentration was the intoxilyzer printout resulting from the two breath samples taken from him and the DHS regulations, of which the magistrate took judicial notice.[2] The printout is captioned "INTOXILYZER—ALCOHOL ANALYZER." The results are printed in three columns entitled "TEST," "BAC VALUE" and "TIME." Under the BAC VALUE column on each printout are the numbers .168 and .172.

The DHS regulations, among other things, establish the criteria that devices used to determine blood alcohol content from breath must meet in order to be approved for use under A.R.S. § 28–692.03 (renumbered as § 28–695), which in turn establishes the foundational requirements for admission into evidence in any proceeding under § 28–692 of breath test results to determine a person's blood alcohol level. *See* A.A.R.R. R9–14–401. To be approved, such devices are required to meet specific standards of performance, including the following:

> A blood alcohol concentration by analysis of a breath specimen shall be converted to an equivalent blood alcohol concentration on the basis of an alveolar breath to blood ratio of 2100 to 1. All analytical results shall be expressed in terms of the blood alcohol content.

A.A.R.R. R9–14–404(B)(2). "Blood alcohol content" is defined as "percent by weight of alcohol in the blood based upon grams of alcohol per one hundred cubic centimeters or one hundred milliliters of blood." A.A.R.R. R9–14–402(3). This is the same as the statutory definition of alcohol concentration. The Intoxilyzer Model 5000 is expressly designated as an approved breath testing and collection device by the regulations, A.A.R.R. R9–14–404(G), and the magistrate also took judicial notice of that fact.

Because the regulations require that an approved breath collection and testing device 1) convert the breath test results into equivalent blood alcohol concentration using the same ratio as set forth in the statutory definition of alcohol concentration and 2) express the results in the same terms as the statutory definition of alcohol concentration, the jury could reasonably infer that Cochrane's breath was tested by an approved device which determined blood alcohol concentration as defined by § 28–692(O) and that the num-

---

1. We acknowledge the general rule that a defendant waives any claim of error as to the denial of a Rule 20 motion if he elects to present a defense and thereby supplies the evidence missing in the state's case. *State v. Marchesano,* 162 Ariz. 308, 783 P.2d 247 (App.1989). That occurred here when Cochrane called Tucson Police Department criminalist Nora Rankin to the stand, who testified that the intoxilyzer used here automatically converts breath alcohol concentration into blood alcohol concentration using a conversion ratio of

2100 to 1. In light of the magistrate's assurance that Cochrane would not waive the issue by proceeding with his defense, however, we consider only the evidence presented in the state's case-in-chief in determining the sufficiency of the evidence.

2. No issue is raised as to how the regulations were presented to the jury or how the jury was instructed.

bers on the printout reflected those results in terms of grams of alcohol per one hundred milliliters of blood. While the criminalist's testimony made obvious what the jury would otherwise have had to infer from the state's evidence, that inference was supported by substantial evidence.[3] Accordingly, the magistrate erred in granting the Rule 20 motion, and the respondent abused his discretion is denying the appeal.

The respondent's order is vacated and the matter is remanded to the city court with directions to reinstate the verdict of guilt.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

874 P.2d 980

S.S., Petitioner,

v.

---

**3.** Indeed, Cochrane candidly admits that the operator of the intoxilyzer could have provided this testimony but that "the prosecutor did not ask the one simple question that would have provided the court and jury with the information of how the numbers on the subject card were related to COCHRANE's alcohol concentration."