IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2003-0151 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| JANICE L. WILSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR98000550

Honorable Thomas E. Collins, Judge

APPEAL DISMISSED
SPECIAL ACTION JURISDICTION ACCEPTED
RELIEF DENIED

Terry Goddard, Arizona Attorney General
  By Donald Conrad and Sylvia E. Goodwin                                    Tucson
                                                                Attorneys for Appellee

Patricia A. Taylor                                                         Tucson
                                                            Attorney for Appellant

P E L A N D E R, Presiding Judge.

¶1          Appellant Janice Wilson appeals from the trial court's order granting a new trial

rather than dismissing the case on double jeopardy grounds, as she had requested.  Because we

lack subject matter jurisdiction of the appeal, we dismiss the appeal and instead treat it as a

petition for special action. Wilson argues dismissal with prejudice of the underlying charge against her is required under *Peak v. Acuna*, 203 Ariz. 83, 50 P.3d 833 (2002). We disagree and, therefore, accept jurisdiction but deny relief.

## PROCEDURAL BACKGROUND

¶2 This is the second appeal in this matter. A jury found Wilson guilty of fraudulent scheme and artifice. Thereafter, the judge who presided over the trial (Judge Banales) granted Wilson's post-verdict motion for judgment of acquittal pursuant to Rule 20(b), Ariz. R. Crim. P., 17 A.R.S. On the state's appeal from that ruling, this court reversed, reinstated the jury's guilty verdict, and remanded the case. *State v. Wilson*, No. 2 CA-CR 99-0316 (memorandum decision filed Jan. 25, 2001) (*Wilson I*). We left open the possibility on remand of the trial court's revisiting Wilson's motion for new trial, which Judge Banales had deemed moot after granting the judgment of acquittal. *Id.* at ¶24. Wilson filed a motion for reconsideration in this court and a petition for review with the supreme court, both of which were denied. This court's mandate then issued in December 2001.

¶3 On remand, Wilson moved to dismiss the case on double jeopardy grounds. She also renewed her motion for new trial. The trial court (Judge Collins) inexplicably granted both motions. On the state's motion for reconsideration of the dismissal order, however, the trial court changed that ruling, acknowledging that it had failed to follow the reasoning of *Wilson I* and rejecting Wilson's double jeopardy argument because she "was not acquitted." The trial court also affirmed its prior ruling granting a new trial based on Judge Banales's failure to give a complete reasonable doubt jury instruction as required by *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995). Wilson then appealed.

2

## DISCUSSION

### I. Jurisdiction

¶4  Before turning to the merits of Wilson's argument, we first address a jurisdictional issue. Without citation of authority or analysis, the state contends "a special action, not a direct appeal . . . is the appropriate vehicle for appealing the ruling of the lower court in this case." This court's subject matter jurisdiction is specifically prescribed and limited by statute. *See* A.R.S. §§ 12-120.21; 12-2101; *Hanania v. City of Tucson*, 123 Ariz. 37, 38, 597 P.2d 190, 191 (App. 1979) ("The appellate court only has such jurisdiction as the legislature has given it."). Thus, even had the state made no jurisdictional argument at all, "[t]his court has the duty to *sua sponte* raise the question of its subject matter jurisdiction." *State v. Poli*, 161 Ariz. 151, 153, 776 P.2d 1077, 1079 (App. 1989).

¶5  The applicable statute on orders from which defendants may appeal in criminal cases is A.R.S. § 13-4033. That statute, inter alia, permits a defendant to appeal from "an order made after judgment affecting the substantial rights of the party." § 13-4033(A)(2). Judge Collins's order currently on appeal was not rendered "after judgment" for purposes of that statute, inasmuch as our decision in *Wilson I* reversed the judgment of acquittal Judge Banales had ordered. Once our mandate issued on that decision, no judgment existed.[1]

---

[1]We need not determine whether the Rule 20(b) judgment of acquittal Judge Banales had entered would have qualified as a "judgment" for purposes of appellate jurisdiction under A.R.S. § 13-4033(A)(2). We note, however, that arguably it did not under the definition of "judgment" in Arizona's criminal rules. *See* Ariz. R. Crim. P. 26.1(a), 17 A.R.S. ("The term judgment means the adjudication of the court based upon the verdict of the jury, upon the plea of the defendant, or upon its own finding following a non-jury trial, that the defendant is guilty or not guilty.").

¶6  Accordingly, the "appropriate vehicle" for Wilson to have sought review was special action, not appeal. *See Nalbandian v. Superior Court*, 163 Ariz. 126, 130, 786 P.2d 977, 981 (App. 1989) ("[A] petition for special action is the appropriate vehicle for a defendant to obtain judicial appellate review of an interlocutory double jeopardy claim."); *see also State v. Meza*, 203 Ariz. 50, ¶18, 50 P.3d 407, ¶18 (App. 2002) ("The proper vehicle to challenge the denial of a motion to dismiss is not an appeal but a petition for special action."); *Hovey v. Superior Court*, 165 Ariz. 278, 281, 798 P.2d 416, 419 (App. 1990) ("The denial of a motion to dismiss is not an appealable order."); *but cf. State v. Choate*, 151 Ariz. 57, 57-58, 725 P.2d 764, 764-65 (App. 1986) (when judgment previously had been entered, appellate court had jurisdiction under former § 13-4033(2) of interlocutory appeal of double jeopardy claim because it "is constitutionally mandated").

¶7  Nonetheless, we may treat this appeal as a special action. *See Meza*, 203 Ariz. 50, ¶18, 50 P.3d 407, ¶18 ("'[W]here relief may be granted by extraordinary writ (special action), [an appellate court] may grant the appropriate relief even though the writ applied for . . . is not aptly titled.'"), *quoting Brown v. State*, 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978) (alteration in *Meza*). In light of the age and procedural history of this case, and because Wilson claims a new trial will subject her to jeopardy a second time, *see Abney v. United States*, 431 U.S. 651, 660-62, 97 S. Ct. 2034, 2040-42, 52 L. Ed. 2d 651, 660-62 (1977), we do so here.

## II. Double jeopardy claim

¶8  In a two-pronged argument, Wilson contends the double jeopardy provisions of the United States and Arizona Constitutions bar any review of Judge Banales's order and, secondly, any retrial on the charge for which he entered the post-verdict judgment of acquittal. U.S. Const.

4

amend. V; Ariz. Const. art. II, § 10.[2] The state counters that Wilson "is precluded from raising the issue of double jeopardy because this issue was previously adjudicated" in *Wilson I.*

¶9 Although the state does not specifically articulate the legal basis for its preclusion argument, it apparently is grounded on the law of the case doctrine. Under that doctrine, a court acts within its discretion in "refusing to reopen questions previously decided in the same case by the same court or a higher appellate court" unless "an error in the first decision renders it manifestly erroneous or unjust or when a substantial change occurs in essential facts or issues, in evidence, or in the applicable law." *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278, 279, 860 P.2d 1328, 1331, 1332 (App. 1993). Application of law of the case, although treated "as a procedural doctrine rather than as a substantive limitation on the court's power," generally "promotes an orderly process leading to an end to litigation." *Id.* at 278, 860 P.2d at 1331. The doctrine does not apply, however, "if the prior decision did not actually decide the issue in question, if the prior decision is ambiguous, or if the prior decision does not address the merits." *Id.* at 279, 860 P.2d at 1332; *see also Jimenez v. Wal-Mart Stores, Inc.*, ___ Ariz. ___, ¶¶12-14, 79 P.3d 673, ¶¶12-14 (App. 2003); *Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 327-28, 868 P.2d 335, 340-41 (App. 1993).

¶10 With those principles in mind, we first address the state's position by summarizing our analysis and conclusion in *Wilson I.* In that decision, we recognized that, when a trial court enters a judgment of acquittal based on insufficient evidence at the close of the state's case, the

---

[2]The double jeopardy provisions in the federal and Arizona constitutions "do not significantly differ, and the same standard generally is used to analyze both provisions." *State v. Welch*, 198 Ariz. 554, n.2, 12 P.3d 229, n.2 (App. 2000); *see also State v. Cook*, 185 Ariz. 358, 364-65, 916 P.2d 1074, 1080-81 (App. 1995).

5

constitutional protection against double jeopardy precludes review or reversal of that ruling on appeal. *Wilson I*, ¶16, *citing Smalis v. Pennsylvania*, 476 U.S. 140, 145-46, 106 S. Ct. 1745, 1749, 90 L. Ed. 2d 116, 122 (1986). As we also noted, however, "[t]he same is not true for a judgment of acquittal entered after a jury has returned a guilty verdict, when a reversal would merely reinstate that verdict." *Id.* at ¶17, *citing United States v. Wilson*, 420 U.S. 332, 352-53, 95 S. Ct. 1013, 1026, 43 L. Ed. 2d 232, 247 (1975).

¶11        Thus, a trial court's grant of a post-verdict judgment of acquittal is subject to appellate review and reversal if the court abused its discretion. *See State ex rel. Hyder v. Superior Court*, 128 Ariz. 216, 225, 624 P.2d 1264, 1273 (1981); *see also United States v. DiFrancesco*, 449 U.S. 117, 130, 101 S. Ct. 426, 434, 66 L. Ed. 2d 328, 341 (1980) ("*A fortiori*, the Double Jeopardy Clause does not bar a Government appeal from a ruling in favor of the defendant after a guilty verdict has been entered by the trier of fact."); *United States v. Genova*, 333 F.3d 750, 756 (7th Cir. 2003) (government's appeal of post-trial acquittal is constitutionally permissible when new trial will not ensue, but rather, when reversal merely results in case being remanded for reinstatement of jury's guilty verdict and for sentencing); *State v. Carrasco*, 201 Ariz. 220, ¶1, 33 P.3d 791, ¶1 (App. 2001) (reviewing for abuse of discretion trial court's post-verdict grant of defendant's renewed motion for judgment of acquittal); *State v. Sabalos*, 178 Ariz. 420, 421, 874 P.2d 977, 978 (App. 1994) ("The state may . . . appeal a post-judgment order granting an acquittal."). As the Supreme Court has noted: "No double jeopardy problem was presented in [*United States v.*] *Wilson* because the appellate court, upon reviewing asserted legal errors of the trial judge, could simply order the jury's guilty verdict reinstated; no new factfinding would be

6

necessary, and the defendant therefore would not be twice placed in jeopardy." *Arizona v. Rumsey*, 467 U.S. 203, 211-12, 104 S. Ct. 2305, 2310, 81 L. Ed. 2d 164, 172 (1984).

**¶12** In *Wilson I*, we concluded that Judge Banales had abused his discretion in granting the post-verdict judgment of acquittal on an erroneous legal basis. *Wilson I*, ¶22. Although the judge had found no "'substantial evidence upon which the jury could base a conviction for fraudulent scheme or artifice,'" that ruling was premised entirely on Judge Banales's erroneous legal interpretation of a durable power of attorney that had been admitted into evidence at trial. *Id.* at ¶¶15, 19-22. We noted, however, that "the durable power of attorney, by its express terms, was not effective" at the time Wilson committed the act that gave rise to the charge—withdrawing $4,600 from the victim's bank account. *Id.* at ¶21. As the state correctly points out, in granting the post-verdict judgment of acquittal, Judge Banales "fundamentally misapprehended the law as it applied to the evidence," and it was "this misapprehension of the law, not his reasoned judgment of the evidence[,] which colored his decision to nullify the jury verdict."

**¶13** Thus, we concluded in *Wilson I* that Judge Banales had lacked any proper legal basis for granting a post-trial judgment of acquittal. Wilson contends, however, that Judge Banales's post-trial "determination of evidentiary insufficiency" as the basis for acquittal, whether "correct or incorrect," entitles her to dismissal of the charge. We disagree.

**¶14** As Wilson points out, in certain circumstances, double jeopardy might "prevent[] a retrial following an acquittal even though 'the acquittal was based upon an egregiously erroneous foundation.'" *State v. Millanes*, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App. 1994), *quoting*

7

*Arizona v. Washington*, 434 U.S. 497, 503, 98 S. Ct. 824, 829, 54 L. Ed. 2d 717, 726 (1978).[3]

Those circumstances, however, do not include a post-verdict grant of acquittal. As noted above, such a ruling is subject to appellate review, *Wilson; Hyder; Sabalos*, at which time any egregious errors presumably may and should be addressed. Only in the context of a preverdict acquittal does a trial court's action become nonreviewable, because an appeal could result in further fact-finding proceedings, which would violate the constitutional prohibition against double jeopardy. *See Smalis; Millanes.*

¶15 In contrast, as our supreme court stated in *Hyder*, after a jury returns a guilty verdict,

> the judge may only redetermine the quantum of evidence if he is satisfied that he erred previously in considering improper evidence. To find that the evidence was sufficient before the jury got the case, but not after, can be justified only on the basis of a mistake of law on the part of the court and not fact on the part of the jury.

128 Ariz. at 224, 624 P.2d at 1272. Consequently, because the basis for Judge Banales's post-verdict order was legally flawed, we reinstated the jury's guilty verdict on the fraudulent scheme and artifice charge. *Wilson I*, ¶25. In doing so, however, we also stated:

> Alternatively, to the extent the trial court based its ruling on the utter lack of any direct evidence that Wilson had induced or effected the withdrawal of funds by means of false pretense or misrepresentation, the court similarly abused its discretion. That is

---

[3]Similarly, the Double Jeopardy Clause "preclude[s] a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict." *State v. Ortiz*, 120 Ariz. 384, 386, 586 P.2d 633, 635 (1978); *see also Burks v. United States*, 437 U.S. 1, 16, 98 S. Ct. 2141, 2150, 57 L. Ed. 2d 1, 13 (1978) ("Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.").

> precisely the type of fact-based, sufficiency-of-the-evidence ruling that a trial court may not make after the jury has returned a guilty verdict. *Hyder*, 128 Ariz. at 224, 624 P.2d at 1272; *State v. Villarreal*, 136 Ariz. 485, 487, 666 P.2d 1094, 1096 (App. 1983).

*Wilson I*, ¶23.

¶16   As noted in ¶10 above, in *Wilson I*, we clearly addressed and rejected the first prong of Wilson's current argument—that double jeopardy principles precluded our review of Judge Banales's ruling. And, by reinstating the jury's guilty verdict but leaving open the trial court's disposition on remand of Wilson's motion for a new trial, we implicitly rejected the second prong of Wilson's current argument—that double jeopardy principles also bar any retrial if the trial court were to grant that motion, as it ultimately did. Indeed, Wilson acknowledges that this court previously "ruled against [her]" on the double jeopardy issues she now raises. In short, she cites no solid legal basis for "reopen[ing] questions previously decided in the same case by the same court." *Powell-Cerkoney*, 176 Ariz. at 278, 860 P.2d at 1331. Moreover, Wilson does not expressly argue that any of the recognized exceptions to the law of the case doctrine should apply here. *See* ¶9, *supra.*

¶17   Wilson does contend, however, that our supreme court's more recent decision in *Peak* has a "direct impact upon this case." The decision in *Peak* was issued well after *Wilson I* but several months before Judge Collins's ruling at issue here. According to Wilson, "*Peak* is dispositive of the double jeopardy issue," precludes any retrial, and mandates dismissal of the charge against her. Again, we disagree.

¶18   Although she does not frame her argument in these terms, Wilson apparently suggests *Peak* represents "a substantial change . . . in the applicable law" so as to avoid

9

application of law of the case. *Powell-Cerkoney*, 176 Ariz. at 279, 860 P.2d at 1332. In addition, a supreme court opinion generally applies to any cases that are pending at the time the opinion is filed,[4] and Wilson's motion to dismiss was pending before Judge Collins when *Peak* was issued. We also note that the parties' briefs in *Wilson I* did not address the issue Wilson now raises—whether any retrial would violate her double jeopardy rights. And *Wilson I* did not *expressly* address or resolve that issue. Under the circumstances, the law of the case doctrine does not clearly preclude the second prong of Wilson's argument, to the extent it rests on *Peak*. Therefore, we address it.

¶19 In *Peak*, the defendant was convicted of second-degree murder. After the verdict was returned, she moved for judgment of acquittal under Rule 20 and also for a new trial under Rule 24.1, Ariz. R. Crim. P., 17 A.R.S. The trial court granted her motion for a new trial. On the state's appeal, this court affirmed that order.

¶20 Thereafter, the defendant asked the trial court to dismiss the second-degree murder charge because the jury had acquitted her of manslaughter, which she claimed was a lesser-included offense. She argued a retrial would violate double jeopardy principles. The trial court denied that motion. On special action review, our supreme court rejected Peak's argument but found a "more serious issue" presented: "[W]hether double jeopardy bars retrial when a verdict

---

[4]*See generally State v. Maloney*, 105 Ariz. 348, 358, 464 P.2d 793, 803 (1970) ("newly announced principle of double jeopardy" applied to "those cases on direct appeal on the date this decision is rendered" but not "to cases finalized prior thereto"); *State v. Swainston*, 139 Ariz. 95, 96, 676 P.2d 1153, 1154 (App. 1984) (when new decision applies only prospectively, it "applies to cases on appeal on the date the decision is rendered as well as to cases tried after that date"); *cf. Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L. Ed. 2d 649, 661 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final . . . .").

is vacated because the evidence was insufficient or because the verdict was against the weight of the evidence." 203 Ariz. 83, ¶7, 50 P.3d 833, ¶7. Because the basis for the trial court's granting of a new trial was unclear, the supreme court remanded the case for the trial court to clarify its ruling. In doing so, the supreme court stated:

> If the relief granted by the Order was based solely on the finding that the verdict was against the weight of the evidence, the judge may proceed with a new trial on any charge not barred by double jeopardy. If, on the other hand, the judge based her order on a finding that the evidence was insufficient to prove guilt beyond a reasonable doubt or that it was both insufficient for that purpose and against the weight of the evidence, then double jeopardy would be applicable and the second-degree murder charge should be dismissed with prejudice.

*Id.* at ¶11.

¶21      For several reasons, we find *Peak* distinguishable and not controlling here. Although both *Peak* and this case involve a trial court's post-verdict ruling, the similarity ends there. In reviewing an ambiguous order granting a new trial, the supreme court in *Peak* did not address the issues that we specifically discussed in *Wilson I*—the limited grounds on which a trial court may grant a post-verdict judgment of acquittal and the reviewability of such an order. Contrary to Wilson's suggestion, *Peak* neither addressed nor implicitly rejected the many applicable cases (including United States Supreme Court authority) that clearly authorize appellate review of a post-verdict judgment of acquittal. *See Wilson; Genova; Hyder; Carrasco; Sabalos.* Moreover, the court in *Peak* did not even cite, let alone overrule or limit, its earlier decision in *Hyder.* Indeed, it was unclear whether a *Hyder* situation even existed in *Peak*; that question

11

would be resolved on remand. Nor did *Peak* expressly erase or alter the clear distinction *Hyder* drew between pre- and post-verdict judgments of acquittal.[5]

¶22 Perhaps most importantly, unlike the situation in *Peak*, Wilson's motion for a new trial was based strictly on instructional error rather than on any argument that the verdict was contrary to law or against the weight of the evidence. *See* Ariz. R. Crim. P. 24.1(c)(1), (4). Similarly, Judge Collins's order granting a new trial was based solely on the error in the *Portillo* instruction and, unlike the trial court's ruling in *Peak*, did not suffer from any confusion or ambiguity. Wilson, of course, does not suggest that the granting of a new trial on her motion under Rule 24.1 somehow violates her double jeopardy rights.

¶23 In sum, *Peak* is clearly distinguishable and does not alter our express conclusions in *Wilson I* that Judge Banales had abused his discretion in granting a post-verdict judgment of acquittal on an erroneous legal ground and had lacked authority to enter that ruling on any other, fact-based ground. The law of the case doctrine precludes Wilson from now challenging those determinations in *Wilson I*. That doctrine also precludes Wilson from challenging the result in *Wilson I*—reinstatement of the jury's guilty verdict. And *Peak* does not undermine our implicit determination in *Wilson I*, and confirmed here, that a retrial (based on Wilson's own motion for a new trial) on the charge for which the jury previously found her guilty would not offend double

_____

[5]The trial court in *Peak* apparently recognized that distinction. As our supreme court observed, in ruling on Peak's post-trial motions, the trial court had "indicated [it] had made no error of law in denying [her] Rule 20 motion to dismiss at the close of the state's case." *Peak*, 203 Ariz. 83, n.1, 50 P.3d 833, n.1. Presumably, that is why the trial court had "granted Defendant's motion for a new trial" under Rule 24.1, but not the separate, post-trial motion for judgment of acquittal under Rule 20(b). *Id.* at ¶3. Nonetheless, our supreme court ordered the trial court to clarify its ruling because its order granting the new trial "could be interpreted in several ways." *Id.* at ¶11.

12

jeopardy principles.  Accordingly, treating this appeal as a petition for special action, we accept

jurisdiction but deny relief.


_____

JOHN PELANDER, Presiding Judge

CONCURRING:


_____

PHILIP G. ESPINOSA, Chief Judge


_____

JOSEPH W. HOWARD, Judge