377 P.2d 779

**The STATE of Arizona, Appellant,**

**v.**

**Harmon S. PUCKETT, Jr., Appellee.**

No. 1249.

Supreme Court of Arizona.
En Banc.

Jan. 16, 1963.

Rehearing Denied Feb. 5, 1963.

**408**

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., Phoenix, for appellant.

Cordova, Goss & Mariscal, Phoenix, for appellee.

LOCKWOOD, Justice.

This is an appeal on behalf of the State of Arizona by the County Attorney of Maricopa County from the order of the Superior Court of Maricopa County quashing an information against Harmon S. Puckett, Jr., based on the ground that a subsequent trial would violate Article 2, § 10 of the Arizona Constitution, A.R.S. by placing the defendant in double jeopardy.

The trial against Puckett was commenced on October 24, 1961, before Superior Court Judge Gordon Farley, the jury having been waived by the defendant. Witnesses were sworn and testimony was taken during the entire first day of the trial. On the following morning counsel for the State and for the defendant were invited into the judge's chambers, for a conference regarding an article which had appeared in the Arizona Republic, a daily newspaper of Phoenix, Maricopa County, Arizona. The proceedings held in chambers were not reported. Upon reconvening in open court the court made the following order:

"The Court has heretofore indicated to counsel that it feels the article which appeared in the morning paper compels the Court to declare a mistrial in this case, in the interest of judicial integrity, since the inference has been raised that

:any decision the Court might render would be in some way influenced by party affiliation; so I am at this time declaring a mistrial and reassigning it to the presiding Judge for reassignment."

No objection was made by either the State ·or the defendant to the declaration of mistrial at the court's own volition. Subse- ·quently a motion was filed by defendant to ·quash the information on the basis that the ·defendant had been placed in former jeopardy in violation of Article 2, § 10 of the ·Constitution of the State of Arizona. On December 5, 1961, an order was made and ·entered granting defendant's motion.

■ This Court has had the issue of former jeopardy before it on numerous occasions although not based upon a fact situation as here presented. The general rules of law in this area are well established. Jeopardy attaches after the proceedings in ·a criminal trial have commenced, and once attached, unless removed for some legal reason, the one in jeopardy cannot be again tried for the same offense. Application of Williams, 85 Ariz. 109, 333 P.2d 280 (1959);

Westover v. State, 66 Ariz. 145, 185 P.2d 315 (1947). The prime issue thus becomes whether the reason given by the judge for declaring the mistrial was such a legal reason.

The State contends that the trial court conducting a criminal case without a jury has the power and right to declare a mistrial, and the duty to do so if within its discretion the ends of justice would be best served and that the integrity of the court would be damaged if the trial continued. Gori v. U. S., 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

■ It is the intent of our rules and statutes in the administration of justice that cases be tried by judges who are not biased or prejudiced in any particular. This court recently stated that where a judge finds himself in fact disqualified he not only may but should disqualify himself on his own motion. State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962).

■ Upon analysis of the factual situation involved, the newspaper article [1] and the statement of the judge, it is the opinion

---

1. "PUCKETT TRIAL STARTS AFTER JUDGE SWITCH—Peoria Justice of the Peace Harmon Puckett, Jr. went on trial in Superior Court yesterday, charged with 13 counts of nonfeasance in office and one count of petty theft.

"It was only after a last-minute switching of judges and a defense motion to dismiss, which was denied, that the case began. Late Monday afternoon, the case was scheduled for trial before Judge Robert L. Myers, a Republican.

"Puckett is state treasurer for the Democratic Party in Arizona.

"With the possibility of an affidavit of bias and prejudice being filed against Judge Myers, the case was switched to Judge Gordon Farley of Nogales, a Democrat. * * * *"

of this court that Judge Farley felt that the article had so affected him that he couldn't give the fair and impartial consideration which would be required of him sitting as the trier of fact as well as the law in the case. We find that this in effect constituted what would amount to prejudice on the part of a juror, and therefore a legal reason did exist for Judge Farley to declare a mistrial. Therefore the defendant could not have been in jeopardy, and a new trial should have been had.

The decision of the lower court quashing the information is reversed and the case is remanded to the Superior Court for trial.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.