938 P.2d 1128

**Charles Lamar MILLER, and Maricopa County Public Defender, Petitioners,**

**v.**

**SUPERIOR COURT of The State of Arizona, in and for the County of Maricopa, The Honorable Michael O. Wilkinson, a judge thereof, Respondent Judge,**

**The STATE of Arizona, ex rel., Richard ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 96–0249.

Court of Appeals of Arizona, Division 1, Department A.

May 29, 1997.

Richard Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Real Party in Interest.

Dean W. Trebesch, Maricopa County Public Defender by Vicki A.R. Lopez, Deputy Public Defender, Phoenix, for Petitioner.

## OPINION

NOYES, Judge.

After one judge granted Petitioner a new trial because of prosecutorial misconduct in the first trial, Petitioner filed a motion to dismiss the indictment on double jeopardy grounds. The case was then transferred to another judge, who denied the motion to dismiss. Petitioner filed this petition for special action. We accepted jurisdiction and now deny relief.

### I.

At Petitioner's trial on two counts of aggravated assault, one of the victims (his ex-girlfriend) surprised the State by changing her story and testifying that Petitioner had not assaulted her. The State impeached the victim with contrary statements she had made to police officers, and with testimony from those officers.

During final argument, Deputy Public Defender Vicki Lopez sought to bolster the credibility of the victim's new story by telling the jury that the victim had come from Massachusetts to testify because she was "not going to let the Defendant get convicted of something that didn't happen." This was the first mention of Massachusetts in the trial and it alarmed the prosecutor, Deputy County Attorney Lyn D. Kane, who thought the defense was unaware that the victim was living in Massachusetts. The victim had refused to be interviewed by defense counsel and the only evidence about where the victim lived was her testimony that she had moved to California after the alleged assault.

The prosecutor did not object to defense counsel's improper "Massachusetts" comment. Instead, he waited until rebuttal argument and then made his own improper comment about a matter not in evidence:

Did you hear any evidence that she was from Massachusetts? How did [defense counsel] know [the victim] was in Massachusetts? Unless [the victim] contacted the defendant recently and said, I am going to change my story and help you, that's another fact.

Defense counsel objected and the trial court, the Honorable Thomas Dunevant, III, instructed the jury to disregard the "inappropriate" argument of each counsel. Defense counsel *did not* move for a mistrial. The case went to the jury, which found Petitioner guilty on both counts. (The Count 1 victim was a police officer who testified that he had been assaulted by Petitioner.) Petitioner then filed a Motion for New Trial on Count II on grounds of the prosecutorial misconduct regarding the victim on that count. After a hearing, Judge Dunevant granted Petitioner a new trial and reported Mr. Kane to the State Bar. Petitioner *then* filed a motion to dismiss Count II on double jeopardy grounds. The State's response, in part, was to ask Judge Dunevant to recuse himself. He did so. The case was transferred to the Honorable Michael O. Wilkinson, who held a hearing and denied the motion to dismiss. This petition for special action followed.

**II.**

Generally, the denial of a motion to dismiss is not appropriate for special action review. *Andrade v. Superior Court*, 183 Ariz. 113, 115, 901 P.2d 461, 463 (App.1995). Such review is appropriate, however, when the motion is based on a double jeopardy claim. *Nalbandian v. Superior Court*, 163 Ariz. 126, 130, 786 P.2d 977, 981 (App.1989), *cert. denied*, 498 U.S. 997, 111 S.Ct. 554, 112 L.Ed.2d 562 (1990); *Quinton v. Superior Court*, 168 Ariz. 545, 547, 815 P.2d 914, 916 (App.1991).

We will not disturb a trial court's denial of a motion to dismiss absent a clear abuse of discretion. *State v. Hansen*, 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988). An abuse of discretion is "discretion manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." *State v. Sandoval*, 175 Ariz. 343, 347, 857 P.2d 395, 399 (App.1993) (citing *Quigley v. City of Tuc-*

*son*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App.1982)).

**III.**

Before getting to the issue presented, we observe that Judge Dunevant was in the best position to rule on the motion to dismiss. He presided over the trial and he witnessed the misconduct which caused him to grant a new trial. The State argued that, because Judge Dunevant reported the prosecutor to the State Bar, a new judge should decide the motion to dismiss. We disagree. "A trial judge is presumed to be free of bias and prejudice," and rebuttal of this presumption requires proof of specific grounds for disqualification of the judge. *State v. Rossi*, 154 Ariz. 245, 247, 741 P.2d 1223, 1225 (1987) (citation omitted); Ariz. R.Crim. P. 10.1. That the judge reported attorney misconduct to the State Bar showed proper regard for professional responsibility; it was not grounds to disqualify the judge. We move on.

Judge Dunevant's minute entry explained the factual basis for the grant of a new trial, as follows:

> At the oral argument held March 8, 1996, on Defendant's Motion for New Trial, the prosecutor acknowledged that his argument was not based upon any evidence presented at trial and devoid of any good faith basis for making the argument. To use the prosecutor's words he engaged in "supposition" as to how defense counsel or Defendant might have known that [the victim] was traveling from Massachusetts for trial, and as to how, whether and when defense counsel or Defendant might have spoken to her regarding her testimony. Additionally, the uncontroverted record establishes that [the victim] had refused to be interviewed by Defendant and was not interviewed by the Defendant in this case.
>
> . . . .
>
> In this case, the Court instructed the jury to disregard the prosecutor's and defense counsel's comments in an attempt to cure the damage done by the prosecutor's improper remarks. However, the court's efforts could not cure the infirmity. The

prosecutor's argument was not based upon any fact in evidence and was not based upon any good faith belief, but rather was based upon mere speculation and supposition. The prosecutor's argument and the inference that Defendant knew [the victim] had traveled from Massachusetts for trial and "was going to change her story to help the Defendant" created a misleading impression, an improper inference which was never cured at trial. The jury was never informed as to how defense counsel learned of [the victim's] travelling from Massachusetts. The prosecutor's improper remarks resulted in legal prejudice to Defendant. The credibility of [the victim] was pivotal to the jury's determination, particularly since she denied making critical statements to detectives regarding the charged aggravated assault. The prosecutor's argument could have left the jury with the erroneous impression that defense counsel, Defendant, or both had something to do with [the victim's] trial testimony (i.e., "recanting" her testimony). Accordingly, the prosecutor's misconduct manifestly affected Defendant's right to a fair trial. Therefore,

**IT IS ORDERED** granting Defendant's Motion for New Trial in this case.

In denying the motion to dismiss, Judge Wilkinson impliedly accepted not only Judge Dunevant's findings but also the State's "invited error" argument. He ruled as follows:

It is ordered denying Defendant's motion to dismiss re double jeopardy. Court finds that the cause of the mistrial was initially the comments made by Defendant's counsel. The prosecutor responded to those comments in an inappropriate manner, but yet, that response was initiated by the improper comment of Defendant's counsel.

### IV.

◼ The Double Jeopardy Clause of the Arizona Constitution provides that no person shall be "twice put in jeopardy for the same offense." Ariz. Const. art. 2, § 10. Jeopardy attaches when a criminal trial begins and, "unless [it is] removed for some legal reason, the one in jeopardy cannot be again tried for the same offense." *State v. Reynolds*, 11 Ariz.App. 532, 535, 466 P.2d 405, 408 (1970) (quoting *State v. Puckett*, 92 Ariz. 407, 409, 377 P.2d 779, 780 (1963)).

◼ Generally, when a mistrial is granted on motion of defendant, retrial is not barred on double jeopardy grounds. *State v. Wilson*, 134 Ariz. 551, 554, 658 P.2d 204, 207 (App.1982); *United States v. Dinitz*, 424 U.S. 600, 607–08, 96 S.Ct. 1075, 1079–80, 47 L.Ed.2d 267 (1976); *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). The defendant who requests a mistrial is generally deemed to have consented to a retrial, thus "remov[ing] the bar of double jeopardy." *State v. Henderson*, 116 Ariz. 310, 314, 569 P.2d 252, 256 (App.1977) (citations omitted). In federal court, a narrow exception exists to this general rule: When defendant's motion for mistrial is caused by prosecutorial misconduct designed to provoke defendant into making the motion, jeopardy remains attached and retrial is barred. *Oregon v. Kennedy*, 456 U.S. 667, 673–79, 102 S.Ct. 2083, 2088–92, 72 L.Ed.2d 416 (1982).

◼ Arizona has broadened the *Oregon v. Kennedy* exception. *Pool v. Superior Court*, 139 Ariz. 98, 108–09, 677 P.2d 261, 271–72 (1984). The *Pool* court held that, in Arizona, the double jeopardy clause bars a retrial if the following factors exist:

1. Mistrial is granted because of improper conduct or actions by the prosecutor; and

2. such conduct is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal; and

3. the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial.

*Id.*

◼ The findings made by Judge Dunevant when granting a new trial establish the

first *Pool* factor, the third *Pool* factor, and the "intentional conduct which the prosecutor knows to be improper and prejudicial" element of the second *Pool* factor. The question is whether Judge Wilkinson clearly abused his discretion in concluding, in effect, that the prosecutor did not violate *all* of the second *Pool* factor; that the misconduct was not "pursue[d] for any improper purpose with indifference to a significant resulting danger of mistrial or reversal." *Id.* at 109, 677 P.2d at 272.

*Pool* involved an extreme example of prosecutorial misconduct. There, the prosecutor was so relentlessly abusive to the court, counsel, and witnesses during the trial that the court, on its own motion, revisited and granted the motion for mistrial which it had previously denied. 139 Ariz. at 101, 677 P.2d at 264. A newly-assigned trial judge later found that the prosecutor did not intend to provoke a mistrial. *Id.* at 102, 677 P.2d at 265. The supreme court disagreed; it found that "the written record supports the conclusion that this prosecutor intentionally engaged in improper conduct for the purpose of forcing defendant to seek a mistrial so that the prosecution could procure a new indictment with correct charges." *Id.* at 107, 677 P.2d at 270. The *Pool* court further found that:

> The [prosecutor's] purpose, so far as we can conclude from the record and in the absence of any suggestion of proper purpose from the State, was, at best, to avoid the significant danger of acquittal which had arisen, prejudice the jury and obtain a conviction no matter what the danger of mistrial or reversal. Accordingly, we hold that jeopardy attached and retrial is barred.

*Id.* at 109, 677 P.2d at 272.

The prosecutorial misconduct in this case was considerably more limited than that in *Pool,* and it was differently motivated. Here, the misconduct was one improper comment, the purpose of which was to rebut an improper comment by defense counsel. We conclude that Judge Wilkinson did not clearly abuse his discretion in finding that an "invited error" factor existed and that the "improper purpose with indifference" element of the second *Pool* factor did not. One counsel's error is no excuse for another's misconduct, but the court can consider what provoked the misconduct. What Judge Wilkinson decided, however, and what we have said about his decision, is no excuse for what the prosecutor did. To put misconduct in perspective is not to excuse it.

We acknowledge that some trial judges, in the exercise of their discretion, may have granted Petitioner's motion to dismiss, using an analysis similar to that in Judge Fidel's dissent here. We do not agree, however, that the only proper result a trial court could reach on these facts was to dismiss the case with prejudice. Rule 24.1(c)(2), Arizona Rules of Criminal Procedure, provides that the court may grant a new trial if "[t]he prosecutor has been guilty of misconduct." In other words, the remedy for prosecutorial misconduct is generally the new trial which Petitioner initially requested and received here.

Judge Dunevant found that the prosecutorial misconduct warranted a new trial and Judge Wilkinson found that it did not warrant a dismissal with prejudice. The first ruling is not challenged on appeal and we find no reversible error in the second.

Jurisdiction is accepted and relief is denied.

McGREGOR, J., concurs.

FIDEL, Judge, dissenting:

Judge Wilkinson, placed in the difficult position of assessing the wilfulness of prosecutorial misconduct that occurred before Judge Dunevant, found no evidence that the prosecutor acted for an "improper purpose with indifference to a significant resulting danger of mistrial or reversal." *Pool v. Superior Court,* 139 Ariz. 98, 108–09, 677 P.2d 261, 217–72 (1984). He found instead that the prosecutor's misconduct was "invited" by corresponding misconduct of counsel for defendant. The majority upholds these findings. I would reverse.

It is useful to begin by searching for the invitation that defense counsel extended when she said that a recanting victim had come from *Massachusetts* to stop Defendant

from being convicted for something he didn't do. The sole impropriety attributed to this argument was the reference to Massachusetts; the jury had not heard precisely where the victim lived. Judge Wilkinson described the prosecutor's response as "initiated" by this comment and, indeed, found that *"the cause of the mistrial* was initially the comments made by Defendant's counsel." Yet defense counsel could apparently have made the same argument without complaint if only she had described the victim as coming from "the east coast." What about the attribution of Massachusetts residency so appealed to the passion and prejudice of the jury as to "initiate" an improper response and "cause" a mistrial? The court did not explain.

We next come to the more general question what if anything is "invited" when one's adversary steps outside the record in final argument. Judge Dunevant correctly suggested at the new trial hearing that what is invited is a timely objection. The prosecutor disagreed. This discussion followed:

> The Court: Did I understand you to say that you do not believe that you have a duty to object during the closing arguments of counsel if you believe that counsel is making argument which is not based upon the evidence?
>
> Kane: Your honor, I believe that I can answer it two ways. I can object, which I don't like to do because I think that that is undignified, and I usually don't ... or I could point it out, as I did to the jury, and cure that argument.
>
> I don't believe that I have an absolute duty. I think that that is one of the options that I have, but I don't believe that I have to take that option. I believe when you make an argument, you make an argument at your own risk....

The prosecutor also maintained that no case law required him to object rather than respond in kind. There is, however, precisely such case law. In *State v. Vincent,* 159 Ariz. 418, 424, 768 P.2d 150, 156 (1989), our supreme court rejected the assertion that the "invited response" doctrine "condone[s] withholding objection in favor of improper self help." The court described as "wholly inappropriate" the tactic of withholding objection, denying the trial court the chance for prompt corrective action, and awaiting rebuttal to respond. *Id.; see also State v. Woods,* 141 Ariz. 446, 455, 687 P.2d 1201, 1210 (1984).

In light of *Vincent* and *Woods,* I believe Judge Wilkinson abused his discretion in concluding that the mistrial was "initially caused by the comments made by Defendant's counsel," and I believe my colleagues likewise err in echoing "that an 'invited error' factor does exist here." The most that was invited by defense counsel's innocuous reference to Massachusetts [1] was a timely objection. The mistrial was caused by the prosecutor's deliberate decision not to object and to await rebuttal to improperly respond.

Stripping away the shield of invited error, the question remains whether the prosecutor acted for an "improper purpose with indifference to a significant resulting danger of mistrial or reversal." *Pool,* 139 Ariz. at 108–09, 677 P.2d at 217–72. But this question was answered in the new trial hearing before Judge Dunevant.

It was answered in part by the prosecutor himself, when he acknowledged that he had deliberately withheld objection in favor of stepping outside the record with a prejudicial response. It was answered in further part by Judge Dunevant. Although the prosecutor professed to believe his rebuttal tactic permissible, Judge Dunevant rejected the bona fides of that contention, twice stating that the prosecutor's argument "was devoid of any good faith basis" and "not based upon any good faith belief." Judge Dunevant also pointedly included among his findings the following description of a prosecutor's duty:

> [While a prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to pro-

---

**1.** Reference to Massachusetts may not have been innocuous to the prosecutor; because he could not recall mentioning the victim's residence to defense counsel, he claimed to have suspected that the victim had been in private contact with the defense. This was wholly extraneous to the jury, however, which had no evidentiary basis for attributing any significance or implication to defense counsel's reference to Massachusetts.

duce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*State v. Bible,* 175 Ariz. 549, 600, 858 P.2d 1152, 1203 (1993), quoting *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

This court customarily gives great deference to assessments of trial judges based on personal observation. Judge Wilkinson made no assessments based on personal observation; he merely ruled on a motion to dismiss. Judge Dunevant, in contrast, witnessed the misconduct, conducted a hearing, and rejected the offending prosecutor's explanation. After invoking the prosecutor's "duty to refrain from improper methods calculated to produce a wrongful conviction," Judge Dunevant found that the prosecutor had acted "without any good faith basis" in a manner that had "manifestly affected the Defendant's right to a fair trial." Judge Dunevant's findings, in my opinion, established both improper purpose and indifference to the risk of mistrial or reversal. *Pool,* 139 Ariz. at 108–09, 677 P.2d at 217–72.

The State might attack the element of indifference, I suppose, by arguing that its prosecutor foresaw no *"significant"* risk of mistrial or reversal, *id.* That is, the State might argue that its prosecutor calculated from past judicial tolerance of misconduct that he could get away with it and that the trial or appellate judges who confronted his misconduct would do no more than ventilate about its impropriety and pass it off as harmless error. The State has not made this argument, however; nor am I prepared to accept it as a safe harbor from *Pool.*

My colleagues in the majority find two of three *Pool* factors present in this case. For the reasons stated, I would find all three and conclude that double jeopardy bars retrial.