IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| MARGARET S. JIMENEZ and ANDRES L. JIMENEZ, wife and husband, | ) ) ) | 2 CA-CV 2003-0017 DEPARTMENT B |
| Plaintiffs/Appellants, | ) ) | O P I N I O N |
| v. | ) ) | |
| WAL-MART STORES, INC., a Delaware corporation, | ) ) ) | |
| Defendant/Appellee. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV94042053

Honorable Kirk v. Karman, Judge Pro Tempore

AFFIRMED

Law Offices of A. Thomas Cole
  By A. Thomas Cole
Casa Grande
Attorneys for Plaintiffs/Appellants

Gust Rosenfeld, P.L.C.
  By Gerard R. O'Meara and Roger W. Frazier
Tucson
Attorneys for Defendant/Appellee

P E L A N D E R, Presiding Judge.

¶1          In this personal injury action, plaintiffs/appellants Margaret Jimenez and her husband appeal from the trial court's judgment, entered after a jury verdict, in favor of

defendant/appellee Wal-Mart Stores, Inc. She also appeals from the trial court's subsequent denial of her motion for a new trial. Jimenez argues the trial court abused its discretion by allowing Wal-Mart to rely on a new, undisclosed legal theory at trial and by precluding certain photographic evidence. Jimenez also argues the pro tempore trial judge was prejudiced against her because, immediately after this case ended, the judge appeared as an attorney in another action in which Jimenez's attorney was a party. Finding no error in the trial court's rulings and no conflict of interest, we affirm the judgment.

## BACKGROUND

¶2 We view the facts in the light most favorable to upholding the jury's verdict. *Larsen v. Nissan Motor Corp.*, 194 Ariz. 142, ¶2, 978 P.2d 119, ¶2 (App. 1998). Jimenez injured her wrist and knee when she fell outside the garden center entrance to a Wal-Mart store in early 1994. She had approached the store in a marked crosswalk, which had a handicapped access ramp where it met the curb and sidewalk. Jimenez fell when she reached the sidewalk, which had some potting soil spilled on it.

¶3 Jimenez and her husband sued Wal-Mart, alleging it had negligently maintained the entrance. After a trial in 1997, a jury found in favor of Jimenez and awarded her damages totaling $200,000, but found her thirty percent at fault. On appeal, this court vacated that award and remanded the case for a new trial, finding Jimenez had presented prejudicial, undisclosed evidence and a new legal theory at trial. *Jimenez v. Wal-Mart Stores, Inc.*, No. 2 CA-CV 98-0011 (memorandum decision filed Aug. 20, 1998). The second trial ended in a mistrial. The third trial resulted in a jury verdict in favor of Wal-Mart. Following that verdict, Jimenez moved for a new

trial, arguing Wal-Mart had effectively turned the tables by relying on an undisclosed legal theory at trial to secure the defense verdict. The trial court denied that motion, and this appeal followed.

## DISCUSSION

### I. New Legal Theory

¶4        Jimenez first contends the trial court erred by allowing Wal-Mart's expert witness, Dean Jacobson, to unexpectedly testify about his interpretation of certain crosswalk standards. She argues that testimony amounted to a new, "surprise" legal theory or affirmative defense that had not been disclosed as required by Rule 26.1, Ariz. R. Civ. P., 16 A.R.S., Pt. 1. Under that rule, parties have a continuing duty to disclose "[t]he legal theory upon which each claim . . . is based," Rule 26.1(a)(2), and "the subject matter on which [an] expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, [and] a summary of the grounds for each opinion." Ariz. R. Civ. P. 26.1(a)(6).

¶5        Adequate disclosure "should fairly expose the facts and issues to be litigated, as well as the witnesses and exhibits to be relied upon." *Bryan v. Riddel*, 178 Ariz. 472, 477, 875 P.2d 131, 136 (1994). But, a party need only disclose the "substance" of the witness's expected testimony, not the details. *See* Ariz. R. Civ. P. 26.1(a)(3); *Englert v. Carondelet Health Network*, 199 Ariz. 21, ¶7, 13 P.3d 763, ¶7 (App. 2000). We review a ruling denying a sanction for violation of Rule 26.1 for an abuse of discretion. *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d 254, 257 (1995). Similarly, we will not disturb a trial court's ruling on a motion for new trial absent an abuse of discretion. *Englert*, 199 Ariz. 21, ¶5, 13 P.3d 763, ¶5.

¶6        Jacobson, a materials scientist, testified at the two trials for which we have transcripts about the general safety of the crosswalk and its compliance with applicable building

3

codes and other safety standards.[1] At the first trial, he testified that the crosswalk and handicapped access ramp complied with all applicable codes and standards. Jacobson did concede the existence of a "technical difference" between a certain safety standard and the actual crosswalk, in that a portion of the access ramp was included within the yellow lines marking the crosswalk. He then stated that the crosswalk presented no danger to pedestrians. On cross-examination, Jacobson agreed that any "problem" with the crosswalk was "[i]n the definition of the yellow lines."

¶7          At some point after the case was remanded for a new trial, Wal-Mart informed Jimenez that Jacobson would testify consistently with his prior testimony. Jacobson testified in the third trial that the crosswalk and ramp complied with all codes and standards, but acknowledged that the yellow lines probably should have been moved. As he had in the first trial, he again stated that nothing about the crosswalk presented a dangerous condition. Jacobson further testified that, under his interpretation of the law, the crosswalk was satisfactory and both it and the ramp conformed to "standard and acceptable construction practice."

¶8          Jimenez contends Jacobson "flip-flopped" his opinion by changing his position "from admitted non-compliance to statutory compliance." She complains that Wal-Mart effectively presented a new legal theory in offering his undisclosed, changed testimony. But Jimenez has mischaracterized Jacobson's testimony. At the first trial, Jacobson noted there was a "technical difference" between the crosswalk and a certain safety standard. But he also repeatedly testified that the crosswalk complied with applicable building codes and safety standards and was not a danger to pedestrians. At the third trial, Jacobson essentially gave the same

---

[1]Although Jacobson apparently testified at the second trial which ended in a mistrial, the record does not contain the transcripts from that trial.

testimony. Although his testimony was not identical in both trials, its basic substance remained the same. Jacobson's original testimony did not amount to admitting that Wal-Mart's crosswalk did not comply with applicable standards, and his later testimony was not a "flip-flop[]." Given the absence of any clear disclosure violation, this case bears no resemblance to *Englert*, on which Jimenez relies.

¶9 The parties clearly addressed the pertinent codes and standards and their applicability to the crosswalk throughout this extended action. Jimenez's own expert witness testified at both trials about his interpretation of the codes and opined that the crosswalk violated safety standards and was inherently dangerous. Jacobson merely disagreed, testifying that the crosswalk was reasonably safe and complied with all codes and standards. The trial court did not abuse its discretion in implicitly finding Jimenez was not surprised by Jacobson's testimony and, therefore, that no discovery violation had occurred. *See Allstate.* Similarly, the trial court did not abuse its discretion by denying Jimenez's motion for a new trial based on this argument. *See Englert.*

## II. Excluded Photographs

¶10 Jimenez next contends the trial court abused its discretion by excluding certain photographs Jacobson had taken that had been admitted without objection at the first trial. The photographs generally showed various hazards near Wal-Mart's garden center entrance, including water, soil, and plants on the handicapped access ramp. Jimenez asserts that, by not objecting at the first trial and not raising the issue in the first appeal, Wal-Mart waived any argument at the third trial that the photographs were inadmissible. She also argues admission of the photographs in the first trial constituted the law of the case, which prevented the trial court from excluding

5

them in the third trial. We will not disturb a trial court's ruling on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice. *Pima County v. Gonzalez*, 193 Ariz. 18, ¶14, 969 P.2d 183, ¶14 (App. 1998).

¶11    Jimenez's argument rests primarily on the holding in *Carrillo v. State*, 169 Ariz. 126, 817 P.2d 493 (App. 1991). According to her, "*Carrillo* is clear that issues waived in a first trial can't be urged for the first time in the second." But the court in *Carrillo* considered only the waiver of issues in multiple appeals, stating that issues not raised and argued in a first appeal may not be raised later in a second appeal. *Id.* at 132, 817 P.2d at 499. Because it did not address the potential waiver of issues, or proper retrial procedure, after remand of a case, *Carrillo* is not controlling.

¶12    Moreover, as Wal-Mart points out, substantial authority permits parties on retrial to "make new motions, raise new objections, and present additional evidence." *United States v. Tham*, 960 F.2d 1391, 1397 n.3 (9th Cir. 1991);[2] *see People v. Seit*, 611 N.Y.S.2d 875, 877 (App. Div. 1994) (defendant had no "vested right to introduce inadmissible evidence at his retrial merely because that evidence was erroneously admitted without objection at his first trial"); *cf. Slaubaugh v. Slaubaugh*, 466 N.W.2d 573, 579 (N.D. 1991) (on retrial after remand, "it will again be for the trial court to exercise its discretion in determining the relevancy and admissibility"

---

[2]In *United States v. Tham*, 960 F.2d 1391, 1397 n.3 (9th Cir. 1991), the court specifically rejected the broad holding of *United States v. Akers*, 702 F.2d 1145 (D.C. Cir. 1983), in which "the court held that a retrial renders the first trial a nullity along with any evidentiary rulings therein." Mindful of the doctrine of law of the case, the Ninth Circuit instead asked "whether a trial court, faced with identical objections to the same piece of evidence, must adhere to a previous ruling." *Tham*, 960 F.2d at 1398 n.3. The court concluded, however, that a trial court faced with new and timely objections to evidence in a retrial is not bound by its previous rulings. *Id.*

of evidence admitted at first trial); *see also United States v. Akers*, 702 F.2d 1145 (D.C. Cir. 1983); *State v. Darwin*, 288 A.2d 422, 426 (Conn. 1971) ("[E]vidence which was not objected to at the first trial may be contested at the second."). As Jimenez argues, however, the doctrine of law of the case may limit a trial court's rulings in a retrial. That doctrine "describes the judicial policy of refusing to reopen questions previously decided in the same case by the same court or a higher appellate court." *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278, 860 P.2d 1328, 1331 (App. 1993). But, "we will not apply law of the case if the prior decision did not actually decide the issue in question, if the prior decision is ambiguous, or if the prior decision does not address the merits." *Id.* at 279, 860 P.2d at 1332.

**¶13**        Jimenez contends that the trial court ruled in the first trial that the photographs were admissible and that law of the case prevented the court from changing that ruling and excluding the photographs in the third trial. In the first trial, however, the photographs were offered and admitted without objection. Such a "ruling" does not amount to an actual decision on the merits; no objection, argument, or substantive ruling was made. And, in our prior memorandum decision, we did not address any issues relating to the photographs.

**¶14**        In the third trial, Wal-Mart filed a motion in limine to exclude the photographs as irrelevant and as inadmissible evidence of its subsequent remedial measures. *See* Ariz. R. Evid. 401, 402, 407, 17A A.R.S. After a hearing, the trial court granted Wal-Mart's motion. In view of the specific objections to the photographs in the third trial and the absence of any prior substantive ruling on them, the trial court was justified in reaching a different conclusion on their admissibility. That it did so did not violate law of the case principles. *See Tham*, 960 F.2d at 1398; *see also Powell-Cerkoney*.

7

¶15 The trial court did not otherwise abuse its discretion in granting Wal-Mart's motion to exclude the photographs, nor does Jimenez so argue. She contends the photographs countered Wal-Mart's defense that her injury had been "self-caused" when she "simply tripped" at a "meticulously well-kept entrance." But she does not dispute that the excluded photographs were all taken some time after her fall and did not depict the store entrance as it was when she fell. The relevance of the photographs, therefore, was questionable. *See* Ariz. R. Evid. 401, 402. Furthermore, some of the photographs showed that, after Jimenez's fall, Wal-Mart painted the curb area of the crosswalk red. Evidence of such subsequent remedial measures is generally not admissible. Ariz. R. Evid. 407. Accordingly, it was well within the trial court's discretion to exclude the challenged photographs.

## III. Judicial Bias

¶16 Jimenez lastly contends the trial judge pro tempore, Kirk Karman, acted improperly and prejudicially because, after this case ended, Karman immediately recused himself and appeared as an attorney for a party in another action (*Cole v. Jones*) in which Jimenez's attorney, Thomas Cole, was the adverse party.[3] Jimenez has filed several documents in this court, which show that, in July 1999, Cole and his wife filed a complaint against Edward and Twilla Jones. In 2000, Karman appeared as an attorney for Edward Jones in two actions against Jean Showe. In late 2001, Karman was assigned as a judge pro tempore to the Jimenez case. In September 2002, following the jury trial and verdict for Wal-Mart in February, Karman denied Jimenez's motion for a new trial, effectively ending the case. One month later, Karman recused himself.

---

[3]This court previously denied Jimenez's motion to remand the case for determining her challenge to the trial judge.

8

The next day, Karman appeared as cocounsel for Edward and Twilla Jones in the action Cole had filed against them.

¶17     Jimenez argues that the timing of Karman's recusal was suspicious and speculates that it was "highly probable [Karman] had spoken with Jones about *Cole v. Jones* before his recusal." She further asserts that a $4,500 sanction, entered against Cole after the second trial ended in a mistrial, demonstrates Karman's prejudice against her and her attorney.[4] But Jimenez has merely demonstrated that, before acting as a judge in this action, Karman represented Edward Jones in matters unrelated to either Jimenez or her attorney, Cole. Moreover, only after the Jimenez case had ended and he had recused himself did Karman appear as an attorney for Jones in *Cole v. Jones*. Jimenez relies on conjecture to raise the issue of judicial impropriety, but does not provide any evidence of actual bias. That Karman sanctioned Cole for his actions leading to a mistrial does not amount to evidence of prejudice or hostility. *See State v. Curry*, 187 Ariz. 623, 631, 931 P.2d 1133, 1141 (App. 1996); *G.K. Techs. v. Indus. Comm'n*, 155 Ariz. 599, 604, 749 P.2d 389, 394 (App. 1988). In sum, Karman's actions raise no substantial question about his impartiality and did not require him to recuse himself during the pendency of this action. *See* A.R.S. § 12-409(B); Ariz. R. Civ. P. 42(f)(2)(D), 16 A.R.S., Pt. 1 ("Under § 12-409(B)(5) the sufficiency of any 'cause to believe' shall be determined by an objective standard, not by reference to affiant's subjective belief."); *cf. Miller v. Superior Court*, 189 Ariz. 127, 129, 938 P.2d 1128,

_____

[4]Jimenez's counsel also contends on appeal the trial court abused its discretion by imposing that sanction on him for writing a letter to the editor during the course of these proceedings. We previously granted Wal-Mart's motion for partial dismissal of the appeal, however, concluding we lack jurisdiction over that issue.

9

1130 (App. 1997) (that judge reported misconduct of prosecutor to state bar association was not ground to disqualify judge).

## IV. Cross-Issue

¶18 Wal-Mart raises as a cross-issue the admissibility of certain safety standards promulgated under the Americans with Disabilities Act. In light of our resolution of the other issues on appeal, we do not address this argument.

### DISPOSITION

¶19 Affirmed.

_____
JOHN PELANDER, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Chief Judge


_____
PETER J. ECKERSTROM, Judge

10