NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.G., *Appellees*.

No. 1 CA-JV 17-0274
FILED 11-21-2017

Appeal from the Superior Court in Maricopa County
No. JD30974
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Justice Rebecca White Berch joined.[1]

---

**M c M U R D I E**, Judge:

¶1        Robert G. ("Father") appeals the superior court's order terminating his parental rights to R.G.[2] For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Father is the biological parent of R.G., born in July 2015. In August 2015, the Department of Child Safety ("DCS") removed R.G. from the parents' care and filed a petition for dependency based on Father's abuse, neglect, and abandonment. Father failed to appear for a pretrial conference on April 18, 2016, and for a contested dependency hearing on August 10, 2016, without good cause. The superior court adjudicated R.G. dependent in Father's absence.

¶3        In December 2016, DCS moved to terminate Father's parental rights on the ground of abandonment. On January 31, 2017, and on February 6, 2017, Father was read and given a FORM III, an admonition notifying him of the need to attend all court hearings. Specifically, Father was told that his failure to appear could result in a finding he has waived his legal rights, admitted the allegations in the motion, and that the court could proceed with termination of his parental rights based upon the record presented. Father's attorney was properly served with a notice of the hearing and with DCS's motion for termination.

¶4        On April 7, 2017, although Father appeared telephonically, the court found Father failed to appear in person at the pretrial conference

---

[1]        The Honorable Rebecca White Berch, retired Justice of the Arizona Supreme Court, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]        Mother is not a party to this appeal.

without good cause,[3] despite having received a proper notice. At the conference, the court set a severance hearing for May 22, 2017, and specifically ordered Father to appear in person in addition to the notices Father had previously received. Three days before the severance hearing, Father requested the hearing be continued or that he be allowed to appear telephonically because he "just started a new job in Tucson at a car wash" and his employer would terminate him if he were to attend the trial. The court denied Father's motion before the hearing, and when Father did not appear, found him absent without good cause. The hearing proceeded *in absentia* with Father's attorney present. The court allowed counsel an opportunity to object to DCS's evidence and cross-examine DCS's only witness.

**¶5**        The court terminated Father's parental rights, finding that DCS had proven abandonment by clear and convincing evidence and that termination was in R.G.'s best interests.[4] Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and the Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and -2101(A).

## DISCUSSION

**¶6**        Father argues the superior court unreasonably compelled Father to appear at the severance hearing in person, jeopardizing his employment after he had been determined indigent. Father maintains that his physical presence was not necessary because his credibility could have been assessed in a telephonic appearance.

**¶7**        We review a court's denial to allow a parent to appear telephonically at a hearing for abuse of discretion. *Willie G. v. ADES*, 211 Ariz. 231, 234, ¶ 13 (App. 2005). A superior court abuses its discretion when it "commits an error of law or 'reaches a conclusion without considering the evidence . . . or the record fails to provide substantial evidence to support the trial court's finding.'" *Schickner v. Schickner*, 237 Ariz. 194, 197,

---

[3]        Father informed the court telephonically he was unable to appear in person because he lives in Tucson and his car broke down.

[4]        R.G. has resided in an out-of-home placement since the court order dated August 4, 2015, when R.G. was only a few days old. During his placement, Father has had no contact with the child, other than sending him one card. Father has not financially supported the child.

¶ 13 (App. 2015). "[T]he superior court retains full discretion to assess 'what constitutes good cause for failure to appear.'" *Brenda D. v. DCS*, 242 Ariz. 150, 156, ¶ 18 (App. 2017), *review granted* (Oct. 17, 2017).

**¶8**       Upon a party's motion, "the court *may* permit telephonic testimony . . . in any dependency, guardianship or termination of parental rights hearings." Ariz. R.P. Juv. Ct. 42 (emphasis added). Rule 42 does not mandate that a court permit telephonic appearances. *See Willie G.*, 211 Ariz. at 234, ¶¶ 14–17 (the court did not abuse its discretion when it required parents to appear in person for a contested dependency hearing when parents voluntarily departed Arizona and argued that "extremely limited financial resources" prevented them from returning for the hearing). At an initial termination hearing, the court shall, however,

> advise the parent . . . that failure to appear at the . . . termination adjudication hearing, without good cause shown, may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the motion or petition for termination . . . [and] that the termination adjudication hearing may go forward in the absence of the parent . . . and may result in the termination of parental rights based upon the record and evidence presented.

Ariz. R.P. Juv. Ct. 65(D)(3). If a parent subsequently fails to appear at the termination hearing without good cause shown, but having received all required notices and admonitions, he or she may be found to have waived his or her rights, and "the court may terminate parental rights based upon the record and evidence presented." Ariz. R.P. Juv. Ct. 66(D)(2); *see also Manuel M. v. ADES*, 218 Ariz. 205, 211, ¶ 19 (App. 2008).

**¶9**       Father was given notice and was admonished in compliance with juvenile court rules of procedure on several occasions. The court specifically ordered, well in advance of the hearing, that Father had to appear in person at the termination hearing. On the record, we cannot say the court exercised its discretion "on untenable grounds or for untenable reasons." *See Miller v. Superior Court (State)*, 189 Ariz. 127, 129 (App. 1997); *see also Schickner*, 237 Ariz. at 197, ¶ 13.

**¶10**       Father further argues his due process rights were violated when he was not allowed to testify telephonically. Procedural due process requires reasonable notice and an opportunity to be heard. *J.D.S. v. Franks*, 182 Ariz. 81, 95 (1995). Denying a parent's request to testify telephonically

is not a due process violation. *See Willie G.*, 211 Ariz. at 235, ¶ 18 (parents were not denied due process when their request to appear telephonically was denied). Because Father received all required notices and admonitions, his attorney was present during the hearing with an opportunity to object to evidence and cross-examine witnesses, we find no due process violation simply because Father did not avail himself of his opportunity to be present.

¶11        On appeal, Father did not challenge the court's finding of his failure to appear without good cause at the termination hearing.[5] Father also did not contest either the court's finding that clear and convincing evidence supported the statutory ground for termination of Father's parental rights or that the termination was in R.G.'s best interests. He has therefore waived these arguments on appeal. *See City Of Phoenix v. Fields*, 219 Ariz. 568, 573, ¶ 23 (2009) ("Generally, we do not address arguments raised in the trial court but not in the court of appeals."); *see also* ARCAP 13(a)(7)(B) (appellate briefs must contain "references to the record on appeal where the particular issue was raised and ruled on").

## CONCLUSION

¶12        For the foregoing reasons, we affirm the court's severance of Father's rights to R.G.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[5]        The court's finding that Father failed to show good cause when he elected to stay in Tucson rather than attend the hearing was within the court's discretion. *See Willie G.*, 211 Ariz. at 234, ¶¶ 14–17.