# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ELIZABETH J. MACLEAN, *Plaintiff/Appellant*,

*v.*

NEWGIOCO GROUP, INC., *Defendant/Appellee*.

No. 1 CA-CV 20-0164
FILED 3-16-2021

---

Appeal from the Court in Maricopa County
No. CV2019-008383
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Jaburg & Wilk PC, Phoenix
By Kraig J. Marton, David N. Farren
*Counsel for Plaintiff/Appellant*

Jennings, Strouss & Salmon PLC, Phoenix
By Jimmie W. Pursell, Jr., Daniel J.F. Peabody
*Counsel for Defendant/Appellee*

## OPINION

Judge Maurice Portley[1] delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

P O R T L E Y, Judge:

¶1     Elizabeth J. MacLean challenges the superior court order setting aside a default judgment she obtained against her former employer, Newgioco Group, Inc. ("NGI"). Because the court properly determined MacLean had failed to comply with Arizona Rule of Civil Procedure ("Rule") 55 governing the default process, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     MacLean was hired by NGI, a Delaware corporation, to be its Vice President of Finance and Accounting in September 2018. She signed an executive employment agreement, which included a six-month probationary term during which she could be terminated for any reason. The agreement also included a "[n]otices" clause that provided "[a]ll notices and other communications required or permitted hereunder will be in writing and . . . provided . . . to the appropriate party at the address specified below." The clause then listed the name of a lawyer, the name and address of a law firm in Toronto, Canada, a fax number, and also directed a copy be sent to a named lawyer at a New York law firm.

¶3     Approximately two months later, MacLean accepted a promotion to Chief Financial Officer and signed another executive employment agreement, which also contained both the probationary term and the "[n]otices" clause. The second agreement stated that it "replace[d] and supercede[d]" the first agreement, and provided that disputes between MacLean and NGI would be resolved by arbitration.

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4        In May 2019, NGI terminated MacLean. The next month she sent a demand for unpaid wages and unreimbursed expenses, and damages due to her wrongful termination to NGI's CEO, the board and its general counsel, Julian Doyle. Later, MacLean began negotiations on a severance package and reimbursements with NGI's Chief Executive Officer, and, on at least one occasion, Mr. Doyle. The negotiations failed, and she filed this suit against NGI in August 2019, alleging multiple claims, including breach of contract and estoppel. She also asserted, among other allegations, that she was outside the probationary period because NGI employed her for nearly nine months.  She attached both employment agreements to her complaint.

¶5        MacLean served her complaint on NGI's statutory agent. When NGI did not file an answer or otherwise respond, MacLean filed her application for entry of default and mailed it to the statutory agent. When NGI did not timely respond, MacLean filed a motion for entry of a default judgment without hearing and mailed it to the statutory agent. The superior court subsequently entered a default judgment in the amount of $1,050,204 plus costs and accruing interest.

¶6        NGI moved to set aside the default judgment and entry of default approximately three weeks later. After briefing and argument, which included NGI's assertion of potential meritorious defenses, the court granted the motion; specifically finding MacLean did not comply with the requirement in Rule 55(a)(2)(D) to provide notice to a company's attorney.[2]

## DISCUSSION

¶7        MacLean served NGI's statutory agent with the complaint then learned NGI's statutory agent had been unsuccessful in contacting NGI at its address in Toronto, Canada. MacLean's application for default did not include the names or addresses of any of the lawyers listed in her executive employment agreements when she mailed it to NGI's statutory agent. Nor did she mail a copy to either lawyer when she filed and mailed

---

[2]        In a hearing memorandum MacLean filed with the superior court, she argued that NGI had actual notice of the lawsuit and had been evading service. The court denied MacLean's attempt to introduce new evidence through her hearing memorandum. We "will not disturb a trial court's ruling on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice." *Jimenez v. Wal-Mart Stores*, 206 Ariz. 424, 427, ¶ 10 (App. 2003). MacLean has shown no such error.

her motion for default judgment without hearing on NGI's statutory agent. She obtained a default judgment, but it was subsequently set aside.

¶8          The issue we confront is whether MacLean's failure to mail a copy of the application for default to NGI's counsel under Rule 55(a)(3)(B) justified the superior court setting aside the judgment under Rule 60(b). We review the interpretation of court rules de novo, *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008) (citation omitted), and interpret court rules using the same principles applicable to the interpretation of statutes, *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005) (citation omitted). "We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment." *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2 (App. 2010). And we review the court's decision for an abuse of discretion. *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010).

¶9          Rule 55 controls the process to secure a default judgment when a party fails to defend. The rule identifies the information that must be included in the application for entry of default and a motion for default judgment. Rule 55(a)(2), (b). Among other requirements, the rule requires that an application for default must identify "any attorney known to represent the party claimed to be in default in the action in which default is sought or in a related matter." Rule 55(a)(2)(D). Moreover, Rule 55(a)(3)(B) also requires a plaintiff to mail a copy of the notice of the default application to an attorney the plaintiff knows represents the defendant in the matter "or in a related matter."

¶10          Here, although both her executive employment agreements identified NGI lawyers in Toronto and New York, she did not mail her application for entry of default to any of them as required by the rule. Instead, only after the entry of the default judgment did she send a letter to NGI's regulatory counsel. It was only then did NGI receive actual notice of the complaint, the default application, and judgment.

¶11          MacLean contends she substantially complied with Rule 55 and cites to *Barlage v. Valentine*, 210 Ariz. 270 (App. 2005), *Creach v. Angulo*, 186 Ariz. 548 (App. 1996), and *Ruiz v. Lopez*, 225 Ariz. 217 (App. 2010). Although these cases discuss substantial compliance of service in some fashion, they are factually and legally distinguishable. Most importantly, they were decided before the 2015 amendment to Rule 55, which added the requirement that a plaintiff must serve the application for entry of default on any lawyer the plaintiff knows is representing the defendant "in the

action in which default is sought or in a related matter." *See* Order Amending Rule 55(a)(1)(ii), R-15-0021 (Ariz. 2015).

**¶12**      The 2015 amendment was in response to the State Bar of Arizona's petition to amend the rule, which stated that the change was necessary to "clarify the potential ambiguity regarding the breadth of the attorney notification requirement." Petition to Amend Rule 55 at 4, R-15-0021 (2015). In the petition, the State Bar explained that "the proposed change makes clear that the obligation to provide notice should be read broadly, as is consistent with the purpose of the default rule." *Id.* at 1.

**¶13**      We presume that the Arizona Supreme Court meant what it said in enacting the 2015 amendment. *See Potter v. Vanderpool*, 225 Ariz. 495, 499–500, ¶ 13 (App. 2010). And the 2015 amendment is consistent with our jurisprudence favoring decisions on the merits. *See Richas v. Superior Court*, 133 Ariz. 512, 514 (1982). Thus, mere service of the default filings on a statutory agent without serving the application for entry of default and the motion for default judgment on a defendant's lawyers known to a plaintiff is not sufficient to perfect the default process. *See Fragoso*, 210 Ariz. at 430, ¶ 7 (we interpret court rules using the same principles applicable to the interpretation of statutes). As a result, MacLean did not comply with the requirements of Rule 55 by merely serving NGI's statutory agent. Accordingly, the court did not abuse its discretion when it set aside MacLean's default judgment.[3]

## ATTORNEYS' FEES

**¶14**      NGI requests its reasonable attorneys' fees on appeal pursuant to A.R.S. § 12-341.01. Because MacLean's claims arise out of the employment agreement and allege several contract-based claims, we grant NGI its reasonable attorneys' fees upon compliance with ARCAP 21. We also award NGI its appellate costs. A.R.S. § 12-341.

---

[3]      We review decisions made under Rule 60(b) for an abuse of discretion; given the resolution in this case, the court did not abuse its discretion to set aside MacLean's default judgment and entry of default and, in fact, could not have denied that motion given the lack of notice to counsel.

## CONCLUSION

¶15          The order setting aside the entry of default and default judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:      AA