NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

RICK ESTRADA, *Petitioner/Appellant*,

*v.*

MAURA ESTRADA, *Respondent/Appellee*.

No. 1 CA-CV 20-0554 FC
FILED 9-29-2022
AMENDED PER ORDER FILED 10-13-2022

Appeal from the Superior Court in Maricopa County
No. FN2019-093320
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

APPEARANCES

Rick Estrada, Scottsdale
*Petitioner/Appellant*

Lawyers for Less, PLLC, Phoenix
By Gil Hacohen
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the court, in which Vice Chief Judge David B. Gass and Judge James B. Morse Jr. joined.

_____

**W I L L I A M S**, Judge:

¶1        Rick Estrada ("Husband") appeals from the superior court's decree of dissolution, including evidentiary rulings at trial, an equalization payment for Maura Estrada ("Wife"), and Wife's award of attorney's fees. For the following reasons, we affirm in part, and vacate and remand in part.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Husband and Wife married in 1995. In 2019, Husband petitioned for divorce. The superior court issued a standard preliminary injunction enjoining the parties from "transferring, encumbering, concealing, selling, or otherwise disposing of any of the joint, common or community property of the parties," with exceptions for business, life necessities, court fees, and attorney's fees.

¶3        The parties participated in the collaborative law process under Arizona Rule of Family Law Procedure ("ARFLP") 67.1 and reached a partial settlement agreement under ARFLP 69 allocating much of their community assets and debts. Where the parties could not agree, they proceeded to trial.

¶4        The superior court scheduled trial for July 14, 2020, and ordered the parties to exchange "all exhibits they ha[d] in their possession that they intend[ed] to use at [t]rial" by June 9.

¶5        At trial, Wife objected to the admission of nearly all of Husband's exhibits, arguing each was disclosed only days before trial and well beyond the court's disclosure deadline. Husband objected to Wife's requests to admit her exhibits, arguing they too were untimely disclosed. The court stated it would consider requests to admit untimely disclosures "on an exhibit-by-exhibit basis," and ultimately admitted only a single exhibit from Husband. Wife claimed she timely disclosed her exhibits to Husband's former counsel, who stopped representing Husband before trial. The court admitted each of Wife's exhibits.

**¶6** Following trial, the superior court found that "Husband liquidated [$28,573.58 out] of one of his retirement accounts after the Petition was served," that most of those funds were deposited into his fiancée's account, and that no persuasive evidence corroborated Husband's contention he used those funds to pay for community expenses. The court awarded Wife an equalization payment for half of the monies Husband withdrew. The court further awarded each party their separate property, adopted the parties' ARFLP 69 agreement, and ordered the parties be equally responsible for paying certain community debts. Lastly, the court awarded Wife attorney's fees and costs under A.R.S. § 25-324.

**¶7** Husband moved to alter or amend the judgment under ARFLP 83, but the superior court denied his motion. Husband then timely appealed.

**¶8** We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9** As a preliminary matter, Husband's opening brief did not comply with Rule 13(a)(7) of the Arizona Rules of Civil Appellate Procedure ("ARCAP"), which requires an appellant's opening brief to provide "citations of legal authorities and appropriate references to portions of the record on which the appellant relies." In the exercise of our discretion, we address Husband's appeal to the extent he developed his arguments. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."); *Ace Auto. Products, Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

*I.    Evidentiary Rulings*

**¶10** Husband first argues the superior court erred in admitting Wife's exhibits while refusing to admit his exhibits. "We will not disturb a [superior] court's ruling on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice." *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 24 (App. 2004) (quoting *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 427, ¶ 10 (App. 2003)). ARFLP 49 governs the timeliness of disclosure leading up to a family law trial. But the superior court maintains "broad discretion" over disclosure matters, *Johnson v. Provoyeur*, 245 Ariz. 239, 241-42, ¶ 8 (App. 2018), including the authority to impose deadlines other than those specifically stated in the rule, *see, e.g.*, ARFLP 49(b)(1) ("Unless

. . . the court orders otherwise, every party must serve an initial disclosure of information . . . not later than 40 days after the filing of the first responsive pleading to a petition.").

**¶11**     Here, the court ordered the parties to exchange exhibits by June 9, five weeks before trial. Husband acknowledged he disclosed his exhibits only days before trial and did not meet that deadline. The court further noted Husband objected to Wife's motion to continue the trial to allow more time for discovery. The court was within its discretion to refuse to admit into evidence Husband's exhibits. And where the parties disagreed on the timeliness of Wife's disclosure, the court was within its discretion to admit Wife's exhibits. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998) (reviewing courts defer to trial court's determination of credibility).

## II.     Equalization Payment

**¶12**     Husband next argues the superior court erred in awarding Wife a $14,286.79 equalization payment after Husband withdrew funds from his 401(k). "We will not set aside the [superior] court's findings of fact unless they are clearly erroneous." *Van Dyke v. Steinle*, 183 Ariz. 268, 273 (App. 1995).

**¶13**     The record is clear that Husband withdrew funds from his 401(k) *before* filing for divorce, not *after* as the superior court found. The court admitted Wife's exhibit 5 into evidence, which was a printed statement from J.P.Morgan showing Husband withdrew his funds in January 2019, ten months before he filed for divorce. Husband testified to the same and Wife's written pre-trial statement informed that in "January 2019 both parties disbursed their individual retirement accounts to their individual bank accounts." No record evidence suggested otherwise. Thus, the court's finding that "Husband liquidated a portion of one of his retirement accounts after the Petition was served," was error.

**¶14**     Wife argued that Husband spent those withdrawn monies for purposes other than to benefit the marital community. Though the court presumes that community funds are spent for the benefit of the community, we cannot discern from the decree whether the superior court would have awarded the equalization payment had it correctly found Husband withdrew the 401(k) monies before filing for divorce. *See Gutierrez* at 346-47, ¶ 7 (holding that the spouse alleging abnormal or wasteful expenditure of community assets by the other spouse bears the burden of proof). Consequently, we vacate the equalization award and remand for the

superior court to decide whether that award is warranted given the timing of Husband's withdrawal.

*III.    Attorney's Fees*

**¶15**        Husband finally argues the superior court erred in awarding Wife her attorney's fees under A.R.S. § 25-324. Section 25-324 authorizes an award of attorney's fees after the court considers both parties' financial resources and the reasonableness of their positions throughout the proceedings. We review the court's fee award for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶16**        Here, the superior court found Husband acted unreasonably by (1) not timely disclosing information to Wife; (2) failing to present persuasive evidence during trial; and (3) violating the preliminary injunction by withdrawing funds from his 401(k) after the petition for dissolution was served. The third basis for the court's award was not supported by the record, *supra* ¶ 13. And because we cannot perceive whether the court would have awarded Wife her attorney's fees based only on the first two factors it identified, we vacate the award and remand for the court to reconsider whether fees are justified.

**CONCLUSION**

**¶17**        For the foregoing reasons, we affirm the superior court's evidentiary rulings, but vacate Wife's equalization award and award of attorney's fees. We remand to allow the superior court to reconsider both awards.

